FILED

2009 Dec-02  PM 01:45
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| THE UNITED STATES<br> OF AMERICA,<br><br>   Plaintiff,<br><br>v.<br><br>James J. Stricker;<br>Daniel R. Benson;<br>Kasowitz, Benson, Torres<br>& Friedman, LLP; Donald<br>W. Stewart d/b/a as<br>Donald W. Stewart, PC;<br>Don Barrett; The Barrett<br>Law Firm, PA; Charles E.<br>Fell, Jr.; Charles L.<br>Cunningham, Jr.;<br>Cunningham & Fell, PLLC;<br>Johnston Druhan, LLP;<br>Greg Cusimano; Cusimano,<br>Keener, Roberts & Raley,<br>PC; The Cody<br>Law Firm, PC; Monsanto<br>Company; Solutia, Inc.;<br>Pharmacia Corporation;<br>Travelers Companies,<br>Inc., d/b/a The<br>Travelers Indemnity<br>Company; American<br>International Group,<br> Inc.,<br><br>   Defendants, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. |

## COMPLAINT

The United States of America files this civil

action to recover costs of medical care provided or paid for by the United States, based upon rights conferred under the Medicare Secondary Payer ("MSP") Statute, 42 U.S.C. § 1395y(b)(2), and regulations promulgated thereunder, 42 C.F.R. §411.20 _et seq._, pursuant to which the United States may recover reimbursement for conditional Medicare payments from entities that are required or responsible to make payment with respect to covered items or services under a liability insurance policy or plan (including a self-insured plan) and entities and persons receiving such payments.  In support of its complaint, the United States makes the following allegations:

## PARTIES

The United States files this action pursuant to the MSP Statute, on behalf of the Secretary of Health and Human Services ("HHS").  The Secretary of HHS is the federal official vested with primary responsibility for oversight of the Medicare program, which pays for health benefits to specified elderly and disabled individuals pursuant to 42 U.S.C. § 1395 _et seq_   The

Secretary has delegated responsibility for administration of the Medicare program to the Centers for Medicare & Medicaid Services ("CMS").  42 U.S.C. §§ 1935hh and ii.

1.   Upon information and belief, Monsanto Company ("Monsanto") is a Delaware corporation with its principal place of business in St. Louis, Missouri.

2.   Upon information and belief, Pharmacia Corporation ("Pharmacia") is a Delaware corporation with its principal place of business in New York, New York.

3.   Upon information and belief, Solutia, Inc. ("Solutia"), is a Delaware corporation with its principal place of business in St. Louis, Missouri.

4.   Upon information and belief, Travelers Companies, Inc., d/b/a The Travelers Indemnity Company ("Travelers"), is a Connecticut corporation with its principal place of business in Hartford, Connecticut.

5.   Upon information and belief, American International Group, Inc. ("AIG"), is a Delaware

corporation with its principal place of business in New York.

6.    Upon information and belief, the individuals who received settlement payments in the matters styled <u>Abernathy v. Monsanto Company</u>, CV-01-832, Circuit Court of Etowah County, Alabama (which is a consolidated action composed of matters styled <u>Abernathy v. Monsanto Company</u>, CV-96-269, <u>Abbott v. Monsanto Company</u>, CV-97-967, <u>Nelson v. Monsanto Company</u>, CV-99-502, <u>Long v. Monsanto Company</u>, CV-96-268, <u>Margie Suggs v. Monsanto Company</u>, CV-01-0874, Circuit Court of Calhoun County, Alabama), and <u>Brown v. Monsanto Company</u>, CIV 97-ETC-1618-E, (N.D. Ala.) ("<u>Abernathy</u> Plaintiffs") were and/or continue to be represented by several attorneys and law firms as detailed in §§ 7 through 17 below (collectively "<u>Abernathy</u> Counsel").

7.    Upon information and belief, Daniel R. Benson and James J. Stricker each represented and/or continues to represent the <u>Abernathy</u> Plaintiffs, and are partners at Kasowitz, Benson, Torres & Friedman, LLP, 1633 Broadway, New York, New York 10019.

8.   Upon information and belief, the law firm of Kasowitz, Benson, Torres & Friedman, LLP, represented and/or continues to represent the Abernathy Plaintiffs. It is a domestic registered limited liability partnership registered in New York with its principal place of business at 1633 Broadway, New York, New York 10019.

9.   Upon information and belief, Donald W. Stewart, d/b/a as Donald W. Stewart, PC, represented and/or continues to represent the Abernathy Plaintiffs.  Upon information and belief, Donald W. Stewart's principal place of business is at 1000 Quintard Avenue, Anniston, Alabama 36202.

10. Upon information and belief, Don Barrett, represented and/or continues to represent some or all of the Abernathy Plaintiffs and is a partner at The Barrett Law Firm, 404 Court Square North, Lexington, Mississippi 39095.

11. Upon information and belief, the Barrett Law Firm, PA, represented some or all of the Abernathy Plaintiffs.  The Barrett Law Firm is a professional

association incorporated in Mississippi, with its principal place of business at 404 Court Square North, Lexington, Mississippi 39095.

12. Upon information and belief, Charles E. Fell, Jr., and Charles L. Cunningham, Jr., each represented some or all of the <u>Abernathy</u> Plaintiffs and were partners at Cunningham & Fell, PLLC, 701 West Jefferson Street, Louisville, Kentucky 40202.

13. Upon information and belief, the law firm of Cunningham & Fell, PLLC, which is registered in Kentucky, with its principal place of business at 701 West Jefferson Street, Louisville, Kentucky 40202, represented some or all of the <u>Abernathy</u> Plaintiffs.

14. Upon information and belief, Johnston Druhan, LLP is a limited liability partnership registered in Mobile County, Alabama with its principal place of business at 5 Dauphine Street, Suite 201, Mobile, Alabama 36602.  Johnston Druhan represented some or all of the <u>Abernathy</u> Plaintiffs.

15.  Upon information and belief, Greg Cusimano represented some or all of the <u>Abernathy</u> Plaintiffs. Mr. Cusimano is a lawyer with Cusimano, Keener, Roberts & Raley, PC, at 153 South Ninth Street, Gadsden, Alabama 35901.

16.  Upon information and belief, Cusimano, Keener, Roberts & Raley, PC, represented some or all of the <u>Abernathy</u> Plaintiffs.  Cusimano, Keener, Roberts & Raley is a professional corporation incorporated in Etowah County, Alabama, with its principal place of business at 153 South Ninth Street, Gadsden, Alabama 35901.

17.  Upon information and belief, The Cody Law Firm, P.C., represented some or all of the <u>Abernathy</u> Plaintiffs.  The Cody Law Firm, PC, is a professional corporation incorporated in Jefferson County, Alabama, with its principal place of business at Lorna Oaks Professional Center, 3141 Lorna Road, Suite 202, Birmingham, Alabama.

## JURISDICTION AND VENUE

18.  This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1345, 28 U.S.C. § 2201, and the MSP Statute, 42 U.S.C. § 1395y(b)(2).

19.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

## BACKGROUND

20.  This controversy arises from a $300 million settlement ("Abernathy Settlement") by and among Abernathy Plaintiffs and defendants Monsanto, Pharmacia, and Solutia in the Abernathy action. Exh. 1.

21. Upon information and belief, persons receiving payment under the Abernathy Settlement include approximately 907 Medicare beneficiaries.

22. Distribution of the settlement monies was contingent on certification to the court that 97% of the Abernathy Plaintiffs had signed releases. Abernathy Counsel filed that certification with the court on December 2, 2003. Exh. 2.

23. Upon information and belief, the 907 Medicare beneficiaries sought compensation for, _inter alia_, medical expenses in their underlying complaints and released those claims in executed releases, as referenced in Exh. 2 hereto.

24. Upon information and belief, the Abernathy Settlement mandated that the settlement fund established thereunder ("Abernathy Settlement Fund") be an interest-bearing account.  Exh. 1 at 8.

25. Upon information and belief, prior to and/or at the time of the Abernathy Settlement, Solutia, a party to the Abernathy Settlement, maintained product liability insurance policies with Travelers and AIG.

26. Upon information and belief, Travelers and AIG paid portions of the $300 million Abernathy Settlement.

27. Monsanto, Solutia, and Pharmacia paid portions of the $300 million Abernathy Settlement.

28. Solutia filed for Chapter 11 bankruptcy on December 17, 2003.  HHS filed a proof of claim to recover Medicare conditional payments paid on behalf of Medicare beneficiaries who received payments in the

Abernathy Settlement.   HHS's claim survived the bankruptcy and was not discharged.

29.  The Abernathy Settlement provided for the distribution of $171 million to the Abernathy Plaintiffs, with supplemental annual amounts of $1.5 million to be paid from 2004 through 2013 by Monsanto to Abernathy Counsel to be allocated within their sole discretion, for the plaintiffs' benefit.

30.  The Abernathy Settlement provided payment to Abernathy Counsel of $129 million in attorney's fees and costs, including $1 million annually from 2004 through 2013.

## Medicare's Conditional Payments and Causes of Action

31.  The United States, through CMS, as the administrator of the Medicare program, made conditional payments, on behalf of its Medicare beneficiaries, for illnesses and injuries released in the Abernathy Settlement.

32.  A series of statutes known collectively as the MSP Statute, 42 U.S.C. §1395y(b)(2), requires available private insurance, including self insurance, to make

the primary payment for services provided to Medicare

beneficiaries, leaving Medicare to pay only secondary

benefits.  The law provides, in pertinent part, that

Medicare may not make payments with respect to any item

or service for which payment has been made or can

reasonably be expected to be made under a liability

policy or plan.  42 U.S.C. § 1395y(b)(2)(A)(ii); 42

C.F.R. § 411.20(a)(ii).

33.  The MSP Statute authorizes the Medicare program

to pay conditionally for a beneficiary's medical care

in instances where payment under a liability insurance

policy or plan does not transpire "promptly," as that

term is defined in regulations.  42 U.S.C.

§1395y(b)(2)(B)(i); 42 C.F.R. §§ 411.21 and 411.52.

However, such payments are subject to reimbursement to

the appropriate Medicare Trust Fund once it is

demonstrated that a primary plan has or had

responsibility to pay with respect to such items or

services.  42 U.S.C. §1395y(b)(2)(B)(ii); 42 C.F.R. §

411.24.  Responsibility for such payments may be

demonstrated by a judgment, a payment conditioned upon

-11-

the beneficiary's compromise, waiver, or release (irrespective of the existence of a determination or admission of liability) or payment for items and services included in a claim against a primary plan or the primary plan's insured.  42 U.S.C. §1395y(b)(2)(B)(ii). The United States may initiate recovery of Medicare conditional payments when it learns that payment "has been or could be made" under a liability insurance policy or plan.  42 C.F.R. § 411.24(b).

34. The United States may bring an action to recover conditional Medicare payments with respect to an item or service, against "any or all entities that are or were required or responsible . . . to make payments with respect to the same item or service (or any portion thereof) under a primary plan."  42 U.S.C. § 1395y(b)(2)(B)(iii). The MSP Statute also confers upon the United States a right of action against "any entity that has received payment  from a primary plan or from the proceeds of a primary plan's payment to any entity. . . ."  Id.

35. The MSP Statute defines the term "primary plan" to include a plan of self-insurance, specifying that "[a]n entity that is engaged in a business, trade, or profession shall be deemed to have a self-insured plan if it carries its own risk (whether by a failure to obtain insurance, or otherwise), in whole or in part." 42 U.S.C. § 1395y(b)(2)(B)(ii); see also 42 C.F.R. § 411.50(b). Applicable regulations define the term "plan" to refer to any arrangement, oral or written, to provide health benefits or assume legal liability for injury or illness. 42 C.F.R. § 411.21. "Liability insurance" is "insurance (including a self-insured plan) that provides for payment based upon legal liability for injury or illness or damage to property," including product liability insurance. 42 C.F.R. § 411.50(b). Under the regulations, a "liability insurance payment" includes an out-of-pocket payment (such as payment of a deductible under a liability insurance policy) by any individual or entity that carries liability insurance or is covered by a self-insured plan. Id.

-13-

36. If a third-party payer learns that Medicare has paid for services for which the third-party has made or should have made primary payment, it must notify the United States. 42 C.F.R. § 411.25(a). An entity that receives payment under a primary plan (including a beneficiary, physician, supplier, or attorney) must reimburse the United States within sixty (60) days after receiving conditional Medicare payments made on a beneficiary's behalf. 42 C.F.R. § 411.24(h); see also 42 U.S.C. § 1395y(b)(2)(B); 42 C.F.R. § 411.24(g) & (h). If the United States does not receive such reimbursement, the third-party payer is required to reimburse the United States even if it has already paid a beneficiary or other party. 42 C.F.R. § 411.24(i)(1). This same rule applies in instances where a third-party payer makes its payment to an entity other than the United States when it knows or should be aware that conditional Medicare payments have been made. 42 C.F.R. § 411.24(i)(2).

37.  The United States may collect double damages
from any entity responsible to make payment under a
primary plan which fails to provide for primary payment
or appropriate reimbursement of conditional Medicare
payments.  42 U.S.C. §§ 1395y(b)(2)(B)(ii); 42 C.F.R.
§ 411.24(c)(2).

### Abernathy Counsel's Failure to Comply with the MSP Statute

38.  Upon information and belief, <u>Abernathy</u> Counsel
have received and continue to receive payments from the
<u>Abernathy</u> Settlement.  These payments constitute
payments under a primary plan that entitle the United
States to recover conditional Medicare payments on
behalf of beneficiaries participating in the <u>Abernathy</u>
Settlement.

39.  No later than the date that <u>Abernathy</u> Counsel
caused payments to be made to settling claimants,
<u>Abernathy</u> Counsel knew or should have known that one or
more settlement claimants were Medicare-eligible
individuals on whose behalf the United States was

entitled to recover to the extent of any conditional Medicare payments made.

40. <u>Abernathy</u> Counsel have made no payment to the United States on behalf of any claimant who received or will receive settlement payments  and whose medical care was paid for by the Medicare program.  Contrary to the MSP Statute, the United States has yet to be reimbursed for Medicare conditional payments made on behalf of these beneficiaries.

## **Defendants Travelers' and AIG's**

## **Failure to Comply with the MSP Statute**

41. Defendants Travelers and AIG each were required to and did make payments under a "primary plan," as that term is defined in the MSP Statute and regulations.  Upon information and belief, defendant Solutia purchased various product liability insurance policies from Travelers and AIG to mitigate the financial risks arising from claims of injury or illness relating to Solutia's operations, including manufacturing PCBs, that was the subject of the claims

for which Medicare beneficiaries received compensation in the <u>Abernathy</u> Settlement.

42. The terms of the <u>Abernathy</u> Settlement rendered these defendants required or responsible to pay under a primary plan, and those payments into the <u>Abernathy</u> Settlement Fund constituted payments under a "primary plan" that entitled the United States to reimbursement for Medicare conditional payments made on behalf of Medicare beneficiaries participating in the <u>Abernathy</u> Settlement.

43. Upon information and belief, Defendants Travelers and AIG did not ascertain whether any settling plaintiffs were Medicare beneficiaries prior to making, or causing to be made, payment of those settlement amounts.  Defendants Travelers and AIG also did not identify any amount(s) owed the United States as reimbursement for Medicare conditional payments made on behalf of Medicare beneficiaries prior to their payments to the <u>Abernathy</u> Settlement Fund.

44. At the time they paid into the <u>Abernathy</u> Settlement Fund, Travelers and AIG knew or should have known that one or more <u>Abernathy</u> Plaintiffs were Medicare beneficiaries on whose behalf the United States was entitled to recover to the extent of any Medicare conditional payments made.

45. Defendants Travelers and AIG have made no payment to the United States on behalf of any Medicare beneficiaries who received (or will receive) payments pursuant to the terms of the <u>Abernathy</u> Settlement. Contrary to the MSP Statute, Travelers and AIG have yet to  reimburse the United States for its Medicare conditional payments made on behalf of its Medicare beneficiaries.

### Corporate Defendants Monsanto's, Solutia's, and Pharmacia's Failure to Comply with the MSP Statute

46. Upon information and belief, Defendants Monsanto, Solutia, and Pharmacia were required to and did make payments under a "primary plan," as that term is defined in the MSP Statute and regulations.

47. The terms of the _Abernathy_ Settlement rendered these defendants required or responsible to pay under a primary plan, and Monsanto's, Solutia's, and Pharmacia's payments into the settlement funds constitute payments under a primary plan that entitle the United States to reimbursement for Medicare conditional payments made on behalf of Medicare beneficiaries participating in the _Abernathy_ Settlement.

48. Additionally, or in the alternative, upon information and belief, Defendants Monsanto, Solutia, and Pharmacia received some or all of their payments to the _Abernathy_ Settlement from third-party payers, _i.e._, insurers or other primary plans.  To the extent that any or all of these Defendants received payment from a third party prior to depositing those monies into the _Abernathy_ Settlement Fund, Defendants Monsanto, Solutia, and Pharmacia are entities that received payment under a primary plan from whom the United States may recover reimbursement for Medicare conditional payments.

49. Upon information and belief, Defendants Monsanto, Solutia, and Pharmacia did not ascertain whether any _Abernathy_ Plaintiffs were Medicare beneficiaries prior to making, or causing to be made, payment of those settlement amounts.  Upon information and belief, Defendants Monsanto, Solutia, and Pharmacia also failed to identify any amount(s) owed the United States as reimbursement for Medicare conditional payments made on behalf of Medicare beneficiaries prior to their payments to the _Abernathy_ Settlement Fund.

50. At the time they paid into the _Abernathy_ Settlement Fund, Monsanto, Solutia, and Pharmacia knew or should have known that one or more settling plaintiffs were Medicare beneficiaries on whose behalf the United States was entitled to recover to the extent of any Medicare conditional payments made.

51. Defendants Monsanto, Solutia, and Pharmacia have made no payment to the United States on behalf of any Medicare beneficiaries who received (or will receive) payments pursuant to the terms of the _Abernathy_ Settlement.  Contrary to the MSP Statute, the

United States has yet to be reimbursed for Medicare conditional payments made on behalf of its Medicare beneficiaries.

### Count I

### Against Monsanto, Solutia, and Pharmacia

### as Primary Payers

52. The United States repeats and incorporates the allegations in paragraphs 1 through 51, above.

53. Defendants Monsanto, Solutia, and Pharmacia are required to reimburse the United States for conditional Medicare payments made on behalf of settlement claimants for medical items and services related to the Abernathy Settlement.

54. The United States claims reimbursement from these Defendants as a third-party payers liable under the MSP Statute, and demands payment of its outstanding conditional Medicare payments, plus interest.

### Count II

### Double Damages Against Monsanto, Solutia, and

### Pharmacia as Primary Plans

55. The United States repeats and incorporates the allegations in paragraphs 1 through 51, above.

56. Defendants Monsanto, Solutia, and Pharmacia are required to reimburse the United States for conditional Medicare payments made on behalf of settlement claimants for medical items and services related to the Abernathy Settlement.

57. The United States claims reimbursement from these Defendants as primary plans liable under the MSP Statute, and demands payment of double the amount of its outstanding conditional Medicare payments, plus interest, because it has been necessary to initiate this suit.  42 U.S.C. § 1395y(b)(2)(b), 42 C.F.R. § 411.24(c)(2).

## Count III

### Against Travelers and AIG As Primary Plans)

58. The United States repeats and incorporates the allegations in paragraphs 1 through 51, above.

59. Defendants Travelers and AIG are required to reimburse the United States for conditional Medicare payments made on behalf of settlement claimants for

medical items and services related to the _Abernathy_
Settlement.

60. The United States claims reimbursement from
these Defendants as a third-party payers liable under
the MSP Statute, and demands payment of the amount of
its outstanding conditional Medicare payments, plus
interest.

## Count IV

### Double Damages Against Travelers and AIG

### as Primary Plans

61. The United States repeats and incorporates the
allegations in paragraphs 1 through 51, above.

62. Defendants Travelers and AIG are required to
reimburse the United States for conditional Medicare
payments made on behalf of settlement claimants for
medical items and services related to the _Abernathy_
Settlement.

63. The United States claims reimbursement from
these Defendants as primary plans liable under the MSP
Statute, and demands payment of double the amount of
its outstanding conditional Medicare payments, plus

interest, because it has been necessary to initiate this suit. 42 U.S.C. § 1395y(b)(3), 42 C.F.R. § 411.24(c)(2).

## Count V

## Against Abernathy Counsel, Monsanto, and Pharmacia, as Entities That Received Payment

64. The United States repeats and incorporates the allegations in paragraphs 1 through 51, above.

65. Defendants Monsanto, Pharmacia, and Abernathy Counsel are entities or persons that have received payment under a primary plan for purposes of the MSP Statute, and are required to reimburse the United States for outstanding conditional Medicare payments (plus interest) to the extent of any such payments received.

## Count VI

## Declaratory Relief

The United States repeats and incorporates the allegations in paragraphs 1 through 51, above.

66. Pursuant to 28 U.S.C. § 2201, and Fed. R. Civ. P. 57, the United States is entitled to a Declaration as

follows:

    a.   that, to the extent the United States has not previously been reimbursed, Monsanto, Pharmacia, Travelers, AIG, and <u>Abernathy</u> Counsel are legally obligated to reimburse the United States for past Medicare payments made on behalf of <u>Abernathy</u> Settlement claimants in accord with the terms of the MSP Statute;

    b.   that the Defendants must give CMS notice of all future payments to Medicare beneficiaries pursuant to 42 C.F.R. § 411.25; and

    c.   that all Defendants must ensure before any future settlement payment is made to any claimant that appropriate payment is made to the United States.

### Prayer For Relief

The United States respectfully demands (i) payment of damages by the Defendants as specified herein, together with interest; (ii) declaratory relief against all Defendants as specified herein;  and (iii) any other relief this Court deems just and proper.

Dated: December 1, 2009

TONY WEST
Assistant Attorney General

JOYCE WHITE VANCE
United States Attorney

RICHARD E. O'NEAL
Assistant United States Attorney

J. CHRISTOPHER KOHN
(D.C. Bar No. 212357)
RUTH A. HARVEY
(D.C. Bar No. 409138)
CATHY J. BURDETTE
(D.C. Bar No. 386790)
United States Department of Justice
Civil Division
Commercial Litigation Branch
P.O. Box 875
Ben Franklin Station
Washington, D.C.  20044
Telephone:   (202) 616-2316
Facsimile:   (202) 514-9163

ATTORNEYS FOR THE UNITED STATES