FILED

2010 Jan-18  PM 02:32
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

THE UNITED STATES OF AMERICA,    )

     PLAINTIFF,    )

VS.    ) CASE NO:  1.09-cv-02423-KOB

JAMES J. STRICKER, ET AL.,    )

     DEFENDANTS.    )

## ANSWER OF DEFENDANTS GREG CUSIMANO AND CUSIMANO, KEENER, ROBERTS & RALEY, P.C.

Come now Greg Cusimano and the firm of Cusimano, Keener, Roberts & Raley, P.C. and for answer to plaintiff's Complaint, say:

## ANSWER TO ALLEGATIONS RE:  PARTIES

1.  Defendants deny those averments of paragraph 6 which suggest that these defendants received settlement payments from the civil actions cited in paragraph 6; and further deny that these defendants, or either of them, "represented" the individuals who received settlement payments in said actions.

2.  Defendants deny the averments of paragraphs 15 and 16 and demand strict proof thereof.  Specifically, defendants deny that they, or either of them, had any lawyer-client relationship with any of the Abernathy plaintiffs, or made any appearance in any of the cases referred to as the Abernathy litigation.

**ANSWER TO JURISDICTION/VENUE ALLEGATIONS**

3. Defendants do not contest jurisdiction nor venue.

**ANSWER TO "BACKGROUND" ALLEGATIONS**

4. Defendants are without sufficient information or knowledge to either admit or deny the averments of paragraphs 21; and hence, deny same and demand strict proof thereof.

5. In answer to paragraph 22, defendants deny that the term "Abernathy Counsel" includes these defendants, or either of them.

6. Defendants aver that with respect to the allegations of paragraphs 23 and 24, the documents cited therein speak for themselves.

7. Defendant is without sufficient information or belief to either admit or deny the averments of paragraphs 26-30; and hence, deny same and demand strict proof thereof.

8. In further answer to paragraphs 29 and 30, these defendants deny that they, or either of them, are properly classified within the definition of "Abernathy Counsel" as described therein.

9. Defendants are without sufficient information or knowledge to either admit or deny the averments of paragraph 31; and hence, deny same and demand strict proof thereof.

10.  Defendants are without sufficient information or knowledge to either admit or deny that they, or either of them, are properly classified as an "entity" or "entities" as described in paragraph 34; and hence, deny they fall within said classification and demand strict proof thereof.

11.  In response to paragraph 36, these defendants deny that they are an "entity" or "entities" as described therein.

12.  With respect to paragraph 37, these defendants deny they, or either of them, are an "entity" as described therein.

13.  In answer to paragraph 38, defendants deny they are properly classified as "Abernathy Counsel", and deny having received or continuing to receive payments from the Abernathy Settlement.  Specifically, defendants aver they rendered services to Abernathy Counsel as independent consultants, or vendors, with no contingency on the outcome of the subject litigation.

14.  In answer to paragraphs 39 and 40, these defendants reiterate their denial that they are properly classified as "Abernathy Counsel"; and deny making any payments of any settlement proceeds to any party.  Defendants further deny having any knowledge of any relationship between any settling claimant and Medicare, or owing any duty to reimburse Medicare.

15.  Defendants are without sufficient information or knowledge to either admit or deny the averments of paragraphs 41 through 51, as said averments do not relate in any way to these defendants.

## ANSWER TO COUNT I

1. Defendants adopt herein all the separate and several averments of the separate and several paragraphs of their prior Answer to paragraphs 1 through 16.

2.  Defendants aver that this Count fails to state a claim against them upon which relief can be granted, for that same fails to complain of any wrongful act or omission on the part of these defendants, and fails to seek judgment against these defendants.

## ANSWER TO COUNT II

1. Defendants adopt herein all the separate and several averments of the separate and several paragraphs of their prior Answers.

2.  Defendants aver that this Count fails to state a claim against these defendants upon which relief can be granted, for that same fails to complain of any wrongful act or omission on the part of these defendants, and fails to seek judgment against these defendants.

## ANSWER TO COUNT III

1. Defendants adopt herein all the separate and several averments of the separate and several paragraphs of their prior Answers.

2.  Defendants aver that this Count fails to state a claim against these defendants upon which relief can be granted, for that same fails to complain of any wrongful act or omission on the part of these defendants, and fails to seek judgment against these defendants.

## ANSWER TO COUNT IV

1. Defendants adopt herein all the separate and several averments of the separate and several paragraphs of their prior Answers.

2.  Defendants aver that this Count fails to state a claim against these defendants upon which relief can be granted, for that same fails to complain of any wrongful act or omission on the part of these defendants, and fails to seek judgment against these defendants.

## ANSWER TO COUNT V

1. Defendants adopt herein all the separate and several averments of the separate and several paragraphs of their prior Answers.

2.  With respect to the allegations of paragraph 65, defendants deny they are properly classified within that group described as "Abernathy Counsel".

3.  In further answer to paragraph 65, defendants deny that plaintiff is entitled to the relief requested, as against these defendants.

4.  These defendants deny that they, or either of them, constitute "entities" or "persons" that are obligated to reimburse Medicare for any sums received  by these defendants, or either of them, as independent consultants to <u>Abernathy</u> Counsel.

5.  Defendants deny that plaintiff is entitled to judgment against these defendants, or either of them.

## ANSWER TO COUNT VI

1. Defendants adopt herein all the separate and several averments of the separate and several paragraphs of their prior Answers.

2.  Defendant denies plaintiff is entitled to the relief requested in paragraph 66, as against these defendants or either of them.

3.  Defendants deny that plaintiff is entitled to the relief requested in paragraph 66(b), as against these defendants; for that these defendants have no expectation of receiving any "future payments" of any type or in any way related to the <u>Abernathy</u> litigation.

4.  Defendants deny that plaintiff is entitled to the relief requested in its Prayer for Relief, as against these defendants.

## SPECIAL DEFENSE A

Defendants deny that they, or either of them, ever had any vested financial interest in the outcome of the subject litigation or in the settlement funds agreed to be paid.

## **SPECIAL DEFENSE B**

Defendants deny that they, or either of them, were involved in or responsible for the distribution of any of the proceeds from the subject settlement, nor in the decision-making process as to the distribution of same.

## **SPECIAL DEFENSE C**

Defendants deny that they, or either of them, ever had any right to determine the manner in which settlement proceeds, or any portion of them, were distributed.

## **SPECIAL DEFENSE D**

Defendants aver that neither of them "paid out" any sum from the proceeds of the subject settlement to any other person or entity.

## **SPECIAL DEFENSE E**

Defendants plead the statute of limitations.

s/George P. Ford
George P. Ford, Attorney for Defendants
Ford, Howard & Cornett, P.C.
P.O. Box 388
Gadsden, AL 35902
(256) 546-5432
ASB#4179-066g

# **CERTIFICATE OF SERVICE**

I hereby certify that I have filed the foregoing upon the Clerk of the Court

under the CM/ECF system which will send notification of such filing to the

following:

Tony West, Esquire, Assistant Attorney General
Joyce White Vance, Esquire, United States Attorney
Richard E. O'Neal, Esquire, Assistant United States Attorney
J. Christopher Kohn, Esquire
Ruth A. Harvey, Esquire
Cathy J. Burdette, Esquire

On this the ___18th___ day of __January_____, 2010.


s/George P. Ford_____
Of Counsel