## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| THE UNITED STATES | ) | |
| OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| James J. Stricker; Daniel R. Benson; | ) | Civil Action No. |
| Kasowitz, Benson, Torres & | ) | CV-09-KOB-2423-E |
| Friedman, LLP; Donald W. Stewart | ) | |
| d/b/a as Donald W. Stewart, PC; | ) | |
| Don Barrett; The Barrett Law Firm, | ) | |
| PA; Charles E. Fell, Jr.; Charles L. | ) | |
| Cunningham, Jr.; Cunningham & | ) | |
| Fell, PLLC; Johnston Druhan, LLP; | ) | |
| Greg Cusimano; Cusimano, Keener, | ) | |
| Roberts & Raley, P.C; The Cody Law | ) | |
| Firm, PC; Monsanto Company; | ) | |
| Solutia, Inc.; Pharmacia Corporation; | ) | |
| Travelers Companies, Inc., d/b/a The | ) | |
| Travelers Indemnity Company; | ) | |
| American International Group, Inc., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## THE UNITED STATES' MOTION FOR
## PARTIAL SUMMARY JUDGMENT
## ON LIABILITY

COMES NOW Plaintiff, The United States of America (the "United States"), and submits this Motion for Partial Summary Judgment On Liability against Defendants James J. Stricker, Dan R. Benson, the law firm of Kasowitz, Benson, Torres & Friedman, LLP, Donald M. Stewart, Monsanto Company, Solutia, Inc., and Pharmacia Corporation (collectively "the PSJ Defendants"). The United States moves for partial summary judgment against Defendants pursuant to Fed. R. Civ. P. 56 (c)(1)(A) on the following grounds:

1. Defendants have failed to comply with the Medicare Secondary Payer ("MSP") Statute, 42 U.S.C. 1395y(b), which as a matter of law, requires the PSJ Defendants to reimburse the Medicare Trust Fund for conditional payments made by Medicare for items or services included in claims released in the consolidated action, Abernathy v. Monsanto Company, CV-01-832, Circuit Court of Etowah County, Alabama.

2. The relevant facts are undisputed and the language of the MSP Statute is unambiguous.

3. Pursuant to Fed. R. Civ. P. 56(d)(2), this Court may enter summary judgment on liability alone, "even if there is a genuine issue on the amount of damages."