FILED
2010 Feb-01  PM 04:23
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case 1:09-cv-02423-KOB |
| | ) | |
| JAMES J. STRICKER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER OF JOHNSTON DRUHAN, LLP

Johnston Druhan, LLP ("Johnston Druhan") hereby submits this Answer to the Complaint in this matter.

### First Defense

Johnston Druhan states as follows in response to the specifically-numbered paragraphs of the Complaint:

1.     Johnston Druhan lacks information or belief sufficient to admit or deny the allegations of paragraph 1.

2.     Johnston Druhan lacks information or belief sufficient to admit or deny the allegations of paragraph 2.

3.     Johnston Druhan lacks information or belief sufficient to admit or deny the allegations of paragraph 3.

4.     Johnston Druhan lacks information or belief sufficient to admit or deny the allegations of paragraph 4.

5.     Johnston Druhan lacks information or belief sufficient to admit or deny the allegations of paragraph 5.

6.     Johnston Druhan denies that it represented any individuals who received settlement payments in the various lawsuits referenced in paragraph 6.  Johnston Druhan was associated to serve as co-counsel for the respondents to a petition for writ of mandamus filed in 1999 in the *Long v. Monsanto Company* and *Abernathy v. Monsanto Company* lawsuits.  Johnston Druhan never had a direct attorney-client relationship with any of the plaintiffs in those matters.  Johnston Druhan's involvement in the litigation ended when the mandamus petition was denied in March 2001.  To the extent any other allegations of paragraph 6 are directed to Johnston Druhan, they are denied.

7.     Johnston Druhan lacks information or belief sufficient to admit or deny the allegations of paragraph 7.

8.     Johnston Druhan lacks information or belief sufficient to admit or deny the allegations of paragraph 8.

9.     Johnston Druhan lacks information or belief sufficient to admit or deny the allegations of paragraph 9.

2

10.     Johnston Druhan lacks information or belief sufficient to admit or deny the allegations of paragraph 10.

11.     Johnston Druhan lacks information or belief sufficient to admit or deny the allegations of paragraph 11.

12.     Johnston Druhan lacks information or belief sufficient to admit or deny the allegations of paragraph 12.

13.     Johnston Druhan lacks information or belief sufficient to admit or deny the allegations of paragraph 13.

14.     Johnston Druhan denies that it had a direct attorney-client relationship with any of the *Abernathy* plaintiffs at any time.  As stated previously, Johnston Druhan was associated by plaintiffs' counsel to serve as co-counsel for the respondents in connection with Monsanto's 1999 mandamus petition, and its association and involvement with the litigation ended in 2001.  Johnston Druhan admits the remaining allegations of paragraph 14.

15.     Johnston Druhan lacks information or belief sufficient to admit or deny the allegations of paragraph 15.

16.     Johnston Druhan lacks information or belief sufficient to admit or deny the allegations of paragraph 16.

17.     Johnston Druhan lacks information or belief sufficient to admit or deny the allegations of paragraph 17.

18.     Johnston Druhan admits that this Court has jurisdiction over this matter.

19.     Johnston Druhan admits that venue is proper.

20.     Johnston Druhan admits the allegations of paragraph 20, except denies that it acted as counsel for any party in connection with the "*Abernathy* Settlement," or was involved in any way with the settlement.

21.     Johnston Druhan lacks information or belief sufficient to admit or deny the allegations of paragraph 21.

22.     Johnston Druhan lacks information or belief sufficient to admit or deny the allegations of paragraph 22.

23.     Johnston Druhan lacks information or belief sufficient to admit or deny the allegations of paragraph 23.

24.     Johnston Druhan lacks information or belief sufficient to admit or deny the allegations of paragraph 24.

25.     Johnston Druhan lacks information or belief sufficient to admit or deny the allegations of paragraph 25.

26.     Johnston Druhan lacks information or belief sufficient to admit or deny the allegations of paragraph 26.

27.    Johnston Druhan lacks information or belief sufficient to admit or deny the allegations of paragraph 27.

28.    Johnston Druhan lacks information or belief sufficient to admit or deny the allegations of paragraph 28.

29.    Johnston Druhan denies that it has ever had discretionary authority concerning the allocation of proceeds from the *Abernathy* Settlement.  Johnston Druhan lacks information or belief sufficient to admit or deny the remaining allegations of paragraph 29.

30.    Johnston Druhan denies that the *Abernathy* Settlement provided for it to receive any payments.  Johnston Druhan lacks information or belief sufficient to admit or deny the remaining allegations of paragraph 30.

31.    Johnston Druhan lacks information or belief sufficient to admit or deny the allegations of paragraph 31.

32.    In response to paragraph 32, Johnston Druhan states that the referenced authorities speak for themselves.  To the extent this paragraph contains any allegations requiring a further response from Johnston Druhan, such allegations are denied.

33.    In response to paragraph 33, Johnston Druhan states that the referenced authorities speak for themselves.  To the extent this paragraph contains any allegations requiring a further response from Johnston Druhan, such allegations are denied.

34.     In response to paragraph 34, Johnston Druhan states that the referenced authorities speak for themselves. To the extent this paragraph contains any allegations requiring a further response from Johnston Druhan, such allegations are denied.

35.     In response to paragraph 35, Johnston Druhan states that the referenced authorities speak for themselves. To the extent this paragraph contains any allegations requiring a further response from Johnston Druhan, such allegations are denied.

36.     In response to paragraph 36, Johnston Druhan states that the referenced authorities speak for themselves. To the extent this paragraph contains any allegations requiring a further response from Johnston Druhan, such allegations are denied.

37.     In response to paragraph 37, Johnston Druhan states that the referenced authorities speak for themselves. To the extent this paragraph contains any allegations requiring a further response from Johnston Druhan, such allegations are denied.

38.     To the extent directed to Johnston Druhan, the allegations of paragraph 38 are denied. Johnston Druhan otherwise lacks information or belief sufficient to admit or deny the allegations of this paragraph.

39.     To the extent directed to Johnston Druhan, the allegations of paragraph 39 are denied. Johnston Druhan otherwise lacks information or belief sufficient to admit or deny the allegations of this paragraph.

40.     Johnston Druhan lacks information or belief sufficient to admit or deny the allegations of paragraph 40, except, however, Johnston Druhan specifically denies that it is now or has ever been obliged to reimburse the United States on behalf of any claimant who received settlement payments and whose medical care was paid for by the Medicare program.

41.     Johnston Druhan lacks information or belief sufficient to admit or deny the allegations of paragraph 41.

42.     Johnston Druhan lacks information or belief sufficient to admit or deny the allegations of paragraph 42.

43.     Johnston Druhan lacks information or belief sufficient to admit or deny the allegations of paragraph 43.

44.     Johnston Druhan lacks information or belief sufficient to admit or deny the allegations of paragraph 44.

45.     Johnston Druhan lacks information or belief sufficient to admit or deny the allegations of paragraph 45.

46.     Johnston Druhan lacks information or belief sufficient to admit or deny the allegations of paragraph 46.

47.     Johnston Druhan lacks information or belief sufficient to admit or deny the allegations of paragraph 47.

48.     Johnston Druhan lacks information or belief sufficient to admit or deny the allegations of paragraph 48.

49.     Johnston Druhan lacks information or belief sufficient to admit or deny the allegations of paragraph 49.

50.     Johnston Druhan lacks information or belief sufficient to admit or deny the allegations of paragraph 50.

51.     Johnston Druhan lacks information or belief sufficient to admit or deny the allegations of paragraph 51.

52.     In response to paragraph 52, Johnston Druhan adopts and incorporates its responses to the preceding paragraphs as if fully set forth herein.

53.     Johnston Druhan lacks information or belief sufficient to admit or deny the allegations of paragraph 53.

54.     Johnston Druhan lacks information or belief sufficient to admit or deny the allegations of paragraph 54.

55.     In response to paragraph 55, Johnston Druhan adopts and incorporates its responses to the preceding paragraphs as if fully set forth herein.

56.     Johnston Druhan lacks information or belief sufficient to admit or deny the allegations of paragraph 56.

57.     Johnston Druhan lacks information or belief sufficient to admit or deny the allegations of paragraph 57.

58.     In response to paragraph 58, Johnston Druhan adopts and incorporates its responses to the preceding paragraphs as if fully set forth herein.

59.     Johnston Druhan lacks information or belief sufficient to admit or deny the allegations of paragraph 59.

60.     Johnston Druhan lacks information or belief sufficient to admit or deny the allegations of paragraph 60.

61.     In response to paragraph 61, Johnston Druhan adopts and incorporates its responses to the preceding paragraphs as if fully set forth herein.

62.     Johnston Druhan lacks information or belief sufficient to admit or deny the allegations of paragraph 62.

63.     Johnston Druhan lacks information or belief sufficient to admit or deny the allegations of paragraph 63.

64.     In response to paragraph 64, Johnston Druhan adopts and incorporates its responses to the preceding paragraphs as if fully set forth herein.

65.     Johnston Druhan denies the allegations of paragraph 65.  In particular, Johnston Druhan denies that it received payments under a primary plan for purposes

of the MSP statute, and denies that is required to reimburse the United States for any payments received by any defendant.

66.     Johnston Druhan denies the allegations of paragraph 66.

Johnston Druhan denies that the United States is entitled to any of the relief sought in the Complaint from Johnston Druhan.

Johnston Druhan further denies any allegation of the Complaint not expressly admitted herein.

### Second Defense

Johnston Druhan pleads the general issue.

### Third Defense

The claims against Johnston Druhan are barred by the applicable statutes of limitations.

### Fourth Defense

The Complaint fails to state a claim against Johnston Druhan upon which relief may be granted.  In particular, but without limitation, the Complaint is based on conclusory allegations and unwarranted deductions of fact; fails to identify any individual alleged clients of Johnston Druhan who received Medicare benefits for illnesses and injuries released in the *Abernathy* Settlement; does not specify the medical items or services it provided to any Johnston Druhan client; does not specify

10

the amount allegedly owed by Johnston Druhan as a result of the settlement in question; indicate that Johnston Druhan was ever advised of the amount the government has determined it is owed by Johnston Druhan; or demonstrate that Johnston Druhan was ever provided an opportunity to challenge any such determination through the prescribed administrative course of appeal.

## Fifth Defense

Johnston Druhan never bore or accepted responsibility for the payment of the *Abernathy* plaintiffs' medical services.

## Sixth Defense

This Court should not entertain the government's claim for a declaratory judgment, where the government has an alternative means of relief.

## Seventh Defense

The government's claims are barred by one or more of the doctrines of waiver, estoppel, laches, and ratification.

## Eighth Defense

Johnston Druhan reserves the right to assert any additional defenses that become available or are revealed during the course of the pretrial proceedings.

s/ Charles K. Hamilton
Bruce F. Rogers
Charles K. Hamilton
BAINBRIDGE, MIMS, ROGERS
      & SMITH, LLP
Suite 415-The Luckie Building
600 Luckie Drive
Post Office Box 530886
Birmingham, Alabama 35253
(205) 879-1100
(205) 879-4300 (fax)
brogers@bainbridgemims.com
khamilton@bainbridgemims.com

Attorneys for Johnston Druhan, LLP

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this the 1st day of February, 2010, I electronically filed and served the foregoing **Answer** using the CM/ECF system which will send notification of such filing to the following:

J. Christopher Kohn
Ruth A. Harvey
Cathy J. Burdette
US Dept. of Justice, Civil Division
Ben Franklin Station
Post Office Box 875
Washington, DC 20044

Joyce W. Vance
Richard E. O'Neal
US Attorney's Office
1801 4th Avenue North
Birmingham, Alabama 35203-2101

John T. McConkie
US Department of Justice
1100 L Street, N.W.
Washington, DC 20005

George P. Ford
Ford Howard & Cornett PC
Post Office Box 388
Gadsden, Alabama  35902

J. Gusty Yearout
Yearout & Traylor PC
3300 Cahaba Road, Suite 300
Birmingham, Alabama  35223

J. Mark White
Augusta S. Dowd
Andrew C. Allen
Karen M. Hennecy
White Arnold & Dowd P.C.
2025 Third Avenue North
Suite 500
Birmingham, Alabama 35203

Matthew H. Lembke
Ty E. Dedmon
Andrew L. Brasher
Bradley Arant Boult Cummings LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203


s/ Charles K. Hamilton
Of Counsel

13