## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

|  |  |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>v.<br><br>JAMES J. STRICKER, ET AL.,<br><br>       Defendants. | CASE NO.:<br>**1:09-cv-02423-KOB** |

## MEMORANDUM OF LAW
## IN SUPPORT OF SOLUTIA INC.'S MOTION TO DISMISS

COMES NOW Defendant Solutia Inc. ("Solutia") and submits the following Memorandum of Law in support of its Motion to Dismiss filed herewith.

## I.    INTRODUCTION

This case arises out of the settlement of a number of underlying lawsuits filed against current defendants Solutia, Monsanto Company, and Pharmacia Corporation in the Alabama state courts. Those state court lawsuits (collectively, the "*Abernathy* case") in turn arose out of alleged pollution resulting from the release of polychlorinated biphenyls ("PCBs") from an industrial facility in Anniston, Alabama. The *Abernathy* case involved thousands of plaintiffs, whose claims were eventually resolved by a settlement agreement executed in September 2003, pursuant to which the *Abernathy* defendants agreed to pay a total of $300 million into various settlement funds. The *Abernathy* defendants did not make any

payments directly to any plaintiff or plaintiffs, nor did the *Abernathy* defendants direct or control the disbursement of any money from the settlement funds to any plaintiff or plaintiffs.  All such disbursements from the various settlement funds were made by the plaintiffs' attorneys.  (*See* Complaint (doc.1), Exh. 1, pp. 6-11).

In the present case, the United States (hereinafter, the "Government") claims that it is entitled to reimbursement from both the *Abernathy* defendants and the attorneys for the *Abernathy* plaintiffs for unknown sums the Government allegedly paid as Medicare benefits to, or on behalf of, unidentified *Abernathy* plaintiffs for unknown medical treatments or services that are unidentified in the Complaint and about which no facts are even alleged.

As demonstrated in the Motion to Dismiss and accompanying Memorandum of Law submitted by Monsanto, the Government's claims against the defendants, including Solutia, are untimely and are barred by the statute of limitations.  Solutia hereby joins in and adopts the arguments and grounds asserted by Monsanto to demonstrate that the Government's claims are subject to a three-year statute of limitations and that the applicable limitations period expired as to all claims against all defendants prior to the filing of the Government's Complaint.

Additionally and alternatively, the Government's Complaint fails to state a viable claim against Solutia because it alleges only the most general legal conclusions and is almost entirely devoid of any factual allegations that would show that the Government is entitled to relief.  In short, the Government has

alleged nothing more than that the defendants settled a lawsuit with individuals who happen to be Medicare recipients, and that the defendants are then per se responsible for reimbursement of the Government's expenses.   When the Complaint's copious legal conclusions and conclusory allegations are set aside, as required by the Supreme Court's recent holdings in *Bell Atlantic Corp. v. Twombly* and *Ashcroft v. Iqbal*, however, the few remaining factual allegations against Solutia do not show that the Government is entitled to the relief it seeks from Solutia.

The Government seeks reimbursement from the defendants pursuant to the Medicare Secondary Payer Act (the "MSP Act"), 42 U.S.C. § 1395y(b).  The MSP Act is a collection of statutory provisions first codified in the 1980s that enables Medicare to recoup payments it has made for medical services where another entity that meets the statute's definition of a "primary payer" had responsibility to pay for those services.  The Government's Complaint in this case fails to allege sufficient factual content that could allow the Court the draw an inference that Solutia made payments, or is obligated to make payments, for items or services for which Medicare had already in fact made a conditional payment.  Indeed, the Complaint contains no well-pleaded facts whatsoever regarding the items or services for which Medicare allegedly paid and is fatally deficient under the Supreme Court's holdings in *Twombly* and *Iqbal*, as a result.

Additionally and alternatively, the Complaint is similarly devoid of sufficient factual allegations that, if proven, would show that Solutia had actual or constructive knowledge that Medicare had in fact made benefit payments on behalf of any of the *Abernathy* plaintiffs for which reimbursement was owed.   Such knowledge is a necessary element of the Government's claims against Solutia, and the failure to allege facts sufficient to satisfy that element is fatal to those claims.

## II.    THE GOVERNMENT'S CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS.

Solutia hereby joins and adopts the grounds and arguments submitted by Monsanto in its Motion to Dismiss and supporting Memorandum of Law with respect its argument that the Government's claims are barred by the applicable three-year statute of limitations.   That limitations period applies equally to the claims against Solutia, and, accordingly, Solutia is also due to be dismissed.[1]

Because 42 U.S.C. § 1395y does not provide a statute of limitations period during which the Government must file suit for MSP-based claims, 28 U.S.C. § 2415, which provides the time for commencing actions brought by the United States, controls.  *See In re Dow Corning Corp.*, 250 B.R. 298, 350-51 (Bankr. E.D. Mich. 2000).   Specifically, § 2415(b) provides that "every action for money damages brought by the United States or an officer or agency thereof which is founded upon a tort shall be barred unless the Complaint is filed within three years

---

[1] The Complaint does not contain any allegation as to the date on which the Government's claim accrued, and Solutia expressly reserves all arguments as to that issue.

after the right of action first accrues." Because any recovery of the claims brought by the Government in this suit will require the Government to prove that Solutia's obligation arose out of alleged tortious conduct against the Medicare beneficiaries (and Solutia is thereby responsible for the related medical payments), the Government's MSP claim is "founded upon tort," and § 2415(b)'s three-year statute of limitations period applies. *See Dow Corning*, 250 B.R. 298.

In *Dow Corning*, the Government brought claims under the MSP Act against the debtor-manufacturer, alleging that the debtor, which had settled a class action brought by recipients of its breast implants, was due to reimburse the Government for Medicare payments made to those recipients. The court found that recovery on the Government's claims required proof that the debtor had committed a tort against the Medicare beneficiaries, and, as a result, the court specifically held that the six-year statute of limitations governing contract-based claims did not apply. Instead, the court found that the reimbursement claims were tort-based and subject to the three-year statute of limitations period prescribed in § 2415(b). *Id.* at 352.

The Government's claims against Solutia, which, as in *Dow Corning,* arise out of the defendant's settlement of an underlying tort action, are also predicated upon the Government's proving that Solutia -- the alleged tortfeasor in the underlying action -- committed the alleged wrongdoing against alleged Medicare beneficiaries. The analysis provided in *Dow Corning* is therefore both appropriate and applicable to this action. Accordingly, the Government's claims against

Solutia in this action are founded in tort and subject to a three-year statute of limitations.

### III.   THE FEW FACTUAL ALLEGATIONS SET FORTH IN THE COMPLAINT DO NOT GIVE RISE TO A PLAUSIBLE ENTITLEMENT TO RELIEF AGAINST SOLUTIA

Even if the Government's claims were not time-barred, they are due to be dismissed because the Complaint fails to allege sufficient facts that, even if they were taken as true, would state a claim under the MSP Act upon which relief could be granted.

### A.   Standard For Determining Sufficiency Of The Complaint

The Supreme Court has recently retired the prior "unless it appears beyond doubt that the plaintiff can prove no set of facts" standard of review on a motion to dismiss. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563, 127 S.Ct. 1955, 1969 (2007) (citations omitted). The Court's new standard, as rearticulated in the Supreme Court's decision in *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937 (2009), requires that **"a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."** *Id.* at 1949 (quotations omitted) (emphasis added). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In *Twombly*, the Supreme Court emphasized that **a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements**

6

of a cause of action will not do." *Twombly*, 550 U.S. at 555 (emphasis added). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* The Court stressed that "naked assertions" without "further factual enhancement" are insufficient. *Id.* at 557. The well-pleaded allegations must nudge the claim "across the line from conceivable to plausible" or the complaint must be dismissed. *Id.* at 570.

More recently in *Iqbal*, the Court reiterated that Rule 8 of the Federal Rules of Civil Procedure demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss. *Id*. The *Iqbal* Court noted that "two working principles" formed the basis for its decision in *Twombly*. First, a court is not required to accept a plaintiff's legal conclusions as true. *See id.* at 1949. The Court expounded on this principle, stating:

> **Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.** (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.

*Id.* at 1949-50 (citing *Twombly*, *supra*) (emphasis added).

The second principle relied on by the Supreme Court in *Iqbal* is that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950.  This determination is necessarily a "context-specific task." *Id.*  If "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]'--'that the pleader is entitled to relief.'" *Id.*

In *Iqbal*, the Court described a two-pronged approach to evaluating the sufficiency of a complaint.   Under this approach, a court would begin by "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.*   Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*   In order to make this determination, the court should begin by "taking note of the elements a plaintiff must plead to state a claim…." *Id.* at 1947.

### B.      Legal Framework of Plaintiff's Claims

As in *Twombly* and *Iqbal*, the analysis of whether the Complaint herein states a plausible claim for relief begins with a discussion of the elements of the claim or claims asserted.  The Complaint asserts two claims against Solutia, both of which arise under the MSP Act: (1) "reimbursement from these Defendants as a third-party payers [sic] liable under the MSP Statute"; and (2) "double the amount of its outstanding conditional Medicare payments."  (Complaint (doc. 1), Counts I and II).

### 1.      Medicare as a Secondary Payer

Under the MSP Act, the Government can claim reimbursement only from an insuring entity that was "required or responsible. . .to make payment. . .under a primary plan."  42 U.S.C. § 1395y(2)(B)(iii).  The MSP Act obligates "primary plans" to reimburse Medicare "for any payment made by the Secretary under this subchapter with respect to an item or service if it is demonstrated that such primary plan has or had a responsibility to make payment with respect to such item or service."  42 U.S.C. § 1395y(b)(2)(B)(ii).  The term "primary plan" means

> a group health plan or large group health plan, to the extent that clause (i) applies, and a workmen's compensation law or plan, an automobile or liability insurance policy or plan (including a self-insured plan) or no fault insurance, to the extent that clause (ii) applies.

42 U.S.C. § 1395y(b)(2)(A)(ii).[2]

### 2.    Claim for Reimbursement under the MSP Act

Medicare must prove the following, *inter alia*, before it can obtain reimbursement for conditional payments under the MSP Act: (1) the entity was "required or responsible. . .to make payment with respect to the same item or service [for which Medicare has already paid]. . .under a primary plan" or "an entity that receives payment from a primary plan;" (2) "payment [was] made by the Secretary under this subchapter with respect to an item or service;" **and** (3) it is "demonstrated that such primary plan has or had a responsibility to make payment with respect to such item or service."  42 U.S.C. § 1395y(b)(2)(B)(ii) and (iii); *see also Glover v. Philip Morris USA*, 380 F.Supp.2d 1279 (M.D. Fla. 2005), *aff'd Glover v. Liggett Group, Inc.*, 459 F.3d 1304 (11th Cir. 2006) (requiring proof in MSP private action of "(1) a primary plan, (2) that is responsible to pay for an item or service, and (3) that failed to make the appropriate payment to Medicare for the item or service.").

The United States is only entitled to reimbursement for a conditional payment if it can demonstrate that a primary payer was "required or responsible. . . to make payment with respect to the same items or service. . .under a primary plan."  42 U.S.C. § 1395y(2)(B)(iii).  The burden of proof to establish that the

---

[2] Solutia denies that it is either a "primary payer" or "primary plan" under the terms of the MSP Act and hereby expressly reserves all arguments to that effect.

conditional payments were for items or services for which a primary plan was responsible to pay rests with the Government. *See e.g. Kelso v. Levitt*, 2006 WL 1128791, at *3 (W.D. Mo. April 26, 2006) (in the context of payment pursuant to settlement of a medical malpractice claim, CMS had the burden of proof to establish that the claimed expenses related to services provided as a result of the negligence of the settling physician); *Estate of Urso v. Thompson*, 309 F.Supp.2d 253, 260 (D. Conn. 2004) ("Absent some statutory provision to the contrary, it is only fair and just that Medicare bear the ultimate burden of justifying the amounts it seeks in reimbursement"). To succeed on a claim for reimbursement, the Government must also show that the alleged primary payer had either actual or constructive knowledge that Medicare had made conditional payments for which the primary plan was responsible. *See United States v. Baxter Int'l, Inc.*, 345 F.3d 866, 902 (11th Cir. 2003); 42 C.F.R. § 411.24(i)(2).

C.     **The Complaint Does Not State Sufficient Facts to Plausibly Show That Solutia Is Responsible to Reimburse Medicare for Any Conditional Payments.**

The Complaint fails to show that the alleged payments made by Medicare for which the Government seeks reimbursement in this action were for items and services for which Solutia was responsible to pay. The Government apparently contends that Solutia was responsible to pay for items and services provided to 907 alleged Medicare beneficiaries as a result of the *Abernathy* settlement. (*See* Complaint (doc. 1), ¶¶ 20-21). When a claim for reimbursement is based on a

settlement, the Government must demonstrate that a primary payer made a "payment conditioned upon the recipient's compromise, waiver, or release … of payment for items or services included in a claim against the primary plan or the primary plan's insured…." 42 U.S.C. § 1395y(b)(2)(B)(ii). In other words, the Government must demonstrate that the items or services paid by Medicare were incurred as a result of Solutia's allegedly wrongful conduct which was the subject of the released claims. *See Kelso*, 2006 WL 1128791, at *3.

The Complaint fails to state any *facts* which *show* that the items or services allegedly paid by Medicare were a result of the allegedly wrongful conduct by Solutia regarding which it obtained a release in the *Abernathy* case. *See Iqbal*, 129 S.Ct. at 1950. While the Complaint conclusorily asserts that "CMS … made conditional payments … for illnesses and injuries released in the Abernathy Settlement," (Complaint, (doc. 1), ¶ 31), this generic allegation could be inserted into any complaint filed by the Government against any settling defendant. The Complaint also claims that "the 907 Medicare beneficiaries sought compensation for, *inter alia*, medical expenses in their underlying complaints and released those claims in executed releases." (Complaint, (doc.1), ¶ 21).[3] The Complaint does not contain any further description of the claimed "illnesses or injuries" or "medical

---

[3] *See also* Complaint at ¶ 53, which again formulaically recites that "Defendants Monsanto, Solutia, and Pharmacia are required to reimburse the United States for conditional Medicare payments made on behalf of settlement claimants for medical items and services related to the *Abernathy* settlement." (*See also*, Complaint, ¶ 56, which is identical).

expenses" or allege their cause, nor are there any factual allegations pertaining to the medical treatment that the *Abernathy* plaintiffs allegedly sought, nor are there any factual allegations regarding the nature of the items or services allegedly paid for by Medicare.  The Complaint does not even describe the nature of the wrongful conduct alleged in the *Abernathy* action.

In the event that the United States argues that it is not required at this stage to provide any factual basis for Solutia's alleged responsibility to pay for medical expenses, this argument is foreclosed by the holdings in *Twombly* and *Iqbal*. Although an arguably similar argument was accepted in *Baxter,* 345 F.3d 866, the *Baxter* decision is factually and legally distinguishable from the instant case.

In *Baxter*, the defendants argued that the Government's MSP Act complaint failed to state a claim because it did not identify the services provided or the patients who received those services.  *See id.*, 345 F.3d at 878.  The Eleventh Circuit found that the district court had applied too exacting a standard when it dismissed the complaint under Rule 12, and reversed because the allegations of the Complaint did not "indicate beyond doubt that [Medicare] has no case." *Id.* at 882, 884.  Significantly, *Baxter* was decided under the prior "no set of facts" standard of review, which the Supreme Court has since expressly rejected and abrogated in *Twombly* and *Iqbal*. *Id.* at 880.  The Eleventh Circuit also relied on prior Supreme Court precedent that "general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presume that

general allegations embrace those specific facts that are necessary to support them." *Id*. at 881 (*quoting Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 256, 114 S.Ct. 798, 803 (1994).   The *Scheidler* language obviously has been discarded by *Twombly* and *Iqbal*.   Because the Eleventh Circuit did not evaluate the sufficiency of the *Baxter* complaint under the present facial plausibility standard of *Twombly* and *Iqbal*, *Baxter* cannot support any claim by the Government that its present Complaint is sufficient to state a claim under the MSP Act.

Additionally, unlike in the current action, the Government's complaint in *Baxter* did allege some facts regarding the nature of the underlying claims, injuries and treatment for which the defendants were allegedly obligated to pay.   As the court stated:

> This case grows out of the 1995 settlement of a class-action products liability suit against manufacturers of silicone breast implants.   The settlement resulted in the creation of a reimbursement mechanism by which **several settling manufacturers agreed to cover certain health care expenses** incurred by or on behalf of qualified members of the plaintiff class.   The government, as intervenor, sought to recover for medical bills it paid on behalf of Medicare beneficiaries who received treatment related to silicone breast implants.

*Id.* at 872 (emphasis added).   In the present case, the Government has not similarly articulated any type of treatment provided to the Medicare beneficiaries for which it claims Solutia is responsible to pay, nor has it alleged that there is a mechanism

for determining which expenses, if any, are due to be paid by the *Abernathy* settlement fund.  The present case is thus plainly factually distinguishable from *Baxter* on this issue.

The "well-pleaded facts" of the Government's Complaint in the present case only purport to show that Solutia contributed funds to settle the *Abernathy* litigation and that, among the plaintiffs in that litigation, there were 907 Medicare beneficiaries.  As pled, the government's claims for reimbursement include any treatment ever provided to those Medicare beneficiaries, including "illnesses and injuries" such as the flu or a herniated disk.  There are simply no factual allegations which demonstrate that Solutia is responsible to pay for items or services that actually have been provided to those beneficiaries.  The Complaint consists only of speculation that Medicare has a right to relief against Solutia and, as a result, it is due to be dismissed.

**D.      The Complaint Fails to Allege Facts Sufficient to Show That Solutia Had Knowledge of Conditional Payments Made by Medicare.**

The Government's Complaint must also be dismissed because it does not sufficiently allege that Solutia had either actual or constructive knowledge that Medicare had in fact made benefit payments to underlying plaintiffs who in turn actually received payments from the *Abernathy* settlement fund for the items or services for which Medicare had already paid.  The Eleventh Circuit has held that the Government must show either actual or constructive knowledge of such

payments by Medicare on the part of the alleged primary payer in order to recover under the MSP Act. *See Baxter*, 345 F.3d at 900, 903 n.34 ("[T]he Government must prove at least constructive knowledge to prevail in its claim for double payment under [the MSP].").  While the court in *Baxter* declined to "define the precise scope" of what constitutes a sufficient allegation of constructive knowledge, *id.* at 902, it is clear that the allegations in the Government's Complaint in the present case are not sufficient to avoid dismissal.

The court's analysis in *Baxter* makes clear that a sufficient allegation of constructive knowledge requires, at a minimum, an allegation that the alleged primary payer should have known at the time it paid an underlying plaintiff for certain medical expenses that Medicare *had in fact already paid* those same expenses.  An allegation of constructive knowledge that Medicare *could have* made such a payment is not enough.  *See id.* at 900 (citing with approval statement that a third-party payer "should refrain from paying someone it. . . should know that [Medicare] **already has paid**") (emphasis added), 901 (identifying as the relevant test whether or not the alleged primary payer "had in its possession information necessary to draw the conclusion that Medicare **has made such a payment**") (emphasis added), 901 n.29 ("A third party payer 'learns' of a Medicare conditional payment when it receives information which. . .should make it aware that Medicare **has made a conditional primary payment**") (emphasis added).  In the same situation presented in this case, reimbursement demanded by

Medicare as the result of the settlement of an underlying products liability action, the Eleventh Circuit required a showing of "constructive knowledge that some of the recipients of the funds [the defendants] were paying out **had received breast implant-related treatment for which Medicare already paid**." *Id.* at 902 (emphasis added). In other words, the court required a showing that the defendant had knowledge when it made settlement payments for medical items or services that Medicare had already paid for those same items or services. Constructive knowledge that Medicare had paid for some unspecified medical treatment was not enough in the absence of constructive knowledge that that treatment was the same treatment for which the defendant was now paying again.

The Complaint in the present case does not satisfy the constructive notice requirement. The entire Complaint contains but a single allegation that is even arguably relevant to this issue: a wholly cursory allegation that Solutia "should have known" that some of the underlying plaintiffs were Medicare beneficiaries and that the United States would be entitled to reimbursement "to the extent of any Medicare conditional payments made." (Complaint (doc. 1), ¶ 50). Thus, the plaintiff has not alleged that Solutia had constructive knowledge that Medicare had in fact paid for medical treatment related to the underlying tort allegations for any of the underlying plaintiffs; instead, it has alleged merely that, **if any such payments were made by Medicare**, then Solutia should have known that Medicare was entitled to be reimbursed for them. This speculative, conditional

allegation is insufficient to state claim against Solutia, and the Complaint is consequently due to be dismissed for failure to state a claim upon which relief can be granted.[4]

## IV.   CONCLUSION

For each of the reasons set forth above, the Government's Complaint fails to state a claim against Solutia upon relief can be granted.  The Complaint, and each and every count against Solutia therein, is due to be dismissed, with prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(6).

Respectfully submitted,

/s/ J. David Moore
Vernon L. Wells (ASB-2950-l35v)
J. David Moore (ASB-8552-r70j)
Kary Bryant Wolfe  (ASB-5034-o71k)

Attorneys for Defendant Solutia Inc.

OF COUNSEL
Walston, Wells & Birchall, LLP
1819 5th Avenue North, Suite 1100
Birmingham, Alabama 35203
Telephone: (205) 244-5200
Telecopier: (205) 244-5400

---

[4]   In *Baxter*, the court's conclusion that the Government's Complaint adequately pled constructive knowledge on the part of the defendants depended upon the finding that the Complaint in that case specifically alleged that the defendants had "willfully blind[ed]" themselves to the facts surrounding the Medicare eligibility of the underlying plaintiffs.  345 F.3d at 902-03. ("A party that willfully blinds itself to a fact, *as the Complaint here alleges occurred*, can be charged with constructive knowledge of that fact.") (emphasis added).  No such allegation has been made in the present case, however, and this case is plainly distinguishable from *Baxter* in that regard.

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of February, 2010, I electronically filed the foregoing Memorandum of Law in Support of Solutia Inc.'s Motion to Dismiss with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> George Ford, Esq.
> Ford, Howard, Cornett, P.C.
> 140 South 9th Street
> P. O. Box 388
> Gadsden, AL 35902

and I hereby certify that I have mailed the foregoing document by U.S. Postal Service, First Class Mail, to the following non-CM/ECF participants:

J. Christopher Kohn, Esq.
Ruth A. Harvey, Esq.
Cathy J. Burdette, Esq.
United States Department of Justice
Civil Division
Commercial Litigation Branch
P.O. Box 875
Ben Franklin Station
Washington, D.C. 20044

Matthew H. Lembke, Esq.
Ty E. Dedmon, Esq.
Bradley, Arant, Boult & Cummings, LLP
One Federal Place, 1819 5th Avenue N.
Birmingham, Alabama 35203-2119
mlembke@babc.com

William S. Cox, III, Esq.
Kevin E. Clark, Esq.
Lightfoot, Franklin & White, LLC
The Clark Building
400 20th Street North
Birmingham, Alabama 35203-3200
wcox@lightfootlaw.com

J. Mark White, Esq.
Augusta Dowd, Esq.
White, Arnold & Dowd, P.C.
2025 Third Avenue North - Suite 500
Birmingham, Alabama 35203
mwhite@whitearnolddowd.com

/s/ J. David Moore
Of Counsel