## IN THE CIRCUIT COURT OF ETOWAH COUNTY, ALABAMA
### (Transferred from the Circuit Court of Calhoun County, Alabama)

| | | |
|---|---|---|
| SABRINA ABERNATHY, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION CV-2001-832** |
| | ) | **(Consolidated)** |
| | ) | |
| MONSANTO COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFFS' COUNSEL'S CERTIFICATION PURSUANT TO PARAGRAPH 3.C. OF THE SETTLEMENT AGREEMENT AND REQUEST FOR TRANSFER OF FUNDS

Pursuant to paragraph 3.c. of the September 9, 2003 settlement agreement in this action (the "Settlement Agreement",[1] a copy of which is attached hereto as Exhibit A), plaintiffs' counsel hereby certifies to the Court and to the Interested Parties (Solutia Inc., Pharmacia Corporation, formerly known as Monsanto Company, and new Monsanto Company), that they have obtained signed Releases from at least 75% of the adult plaintiffs whose names appear on the Plaintiff List. In this connection, plaintiffs' counsel respectfully requests that the Court order the Clerk of the Court to cause all funds ($275,000,000.00 plus any interest accrued during the time such money was on deposit) to be wire transferred from the Settlement Account (SouthTrust Bank, Account Number 69530631, State of Alabama, Ted Hooks, Clerk, CV-2001-874) to the Escrow Account (Citibank, N.A., Private Bank, Account No. 53505264, 153 East 53rd Street, New York, New York 10043, ABA # 021 000 089, for the account of: Kasowitz, Benson,

---

[1] All terms herein have the same meaning as set forth in the Settlement Agreement.

**FILED**

OCT 2 8 2003

BILLY YATES
CLERK, CIRCUIT COURT

Torres & Friedman LLP, as Escrow Agent for the Abernathy Plaintiffs), an interest bearing

plaintiffs' attorneys' escrow account, which was approved by the Court on September 10, 2003

(a copy of the Court's September 10, 2003 Order is attached hereto as Exhibit B). A proposed

order is attached hereto as Exhibit C.

Dated: This 27th day of October, 2003.

DONALD W. STEWART
Attorney for Plaintiffs
Donald W. Stewart, P.C.
P.O. Box 2274
Anniston, Alabama 36202
(256) 237-9311
(256) 237-0713 (Facsimile)

-2-

## CERTIFICATE OF SERVICE

This is to certify that I have this date served counsel for all parties to this action with a copy of the within and foregoing document by hand delivery and/or by facsimile transmission and/or by depositing same in the United States mail in a properly addressed envelope with adequate postage affixed thereon and addressed as follows:

William S. Cox, III, Esq.
Lightfoot, Franklin & White, LLC
The Clark Building
400 North 20th Street
Birmingham, Alabama 35203

This 27th day of October, 2003.

DONALD W. STEWART
Attorney for Plaintiffs

FILED

OCT 2 8 2003

BILLY YATES
CLERK, CIRCUIT COURT

# Exhibit A

FILED

OCT 2 8 2003

BILLY YATES
CLERK, CIRCUIT COURT

IN THE CIRCUIT COURT OF ETOWAH COUNTY, ALABAMA

SABRINA ABERNATHY, ET AL., )
)
        Plaintiffs, )
)
                     )    Civil Action No. CV-01-832
)
)
MONSANTO COMPANY, ET AL., )
)
        Defendants. )

## SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT is entered into by, between and among the aggregated plaintiffs and each and every individual plaintiff, by and through their counsel of record, in the matters styled Abernathy, et al. v. Monsanto Company, et al., Civil Action No. CV-01-832, Circuit Court of Etowah County, Alabama (which is a consolidated action composed of matters styled Abernathy, et al. v. Monsanto Company, et al., Civil Action No. CV-96-269, Abbott, et al. v. Monsanto Company, et al., Civil Action No. CV-97-967, Nelson, et al. v. Monsanto Company, et al., Civil Action No. CV-99-502, Long v. Monsanto Company, et al., Civil Action No. CV-96-268), Margie Suggs, et al. v. Monsanto Company, et al., Civil Action No. CV-01-0874, Circuit Court of Calhoun County, Alabama)), and Brown v. Monsanto Company, et al., Civil Action No. 97-ETC-1618-E, United States District Court, Northern District of Alabama, and amici curiae and each individual amicus curiae in United States v. Pharmacia Corporation, et al., Civil Action No. 02-C-07409-E, United States District Court, Northern District of Alabama (collectively referred to herein as "plaintiffs"), and Solutia Inc. ("Solutia"), Pharmacia Corporation, formerly known as Monsanto Company ("Pharmacia"), and new Monsanto Company ("Monsanto") (collectively referred to herein as the "Interested Parties").

FILED

SEP 12 2003

BILLY YATES
CLERK, CIRCUIT COURT

FILED

OCT 28 2003

BILLY YATES
CLERK, CIRCUIT COURT

This Settlement Agreement is being entered into concurrently with a Global Settlement Agreement among the parties to this Settlement Agreement and the parties to a Settlement Agreement in the matter styled <u>Tolbert, et al. v. Monsanto Company, et al.</u>, Civil Action No. CV-01-C-1407-S, and other cases described in that Settlement Agreement for the <u>Tolbert</u> matter and its related actions and claims ("<u>Tolbert</u> Settlement Agreement"). The parties agree that the agreements and obligations set forth and described in this Settlement Agreement are conditional and contingent upon the parties to the <u>Tolbert</u> settlement signing the <u>Tolbert</u> Settlement Agreement and the entry of an Order and Judgment by the Honorable U. W. Clemon approving the Global Settlement Agreement and the <u>Tolbert</u> Settlement Agreement. The purpose of this Settlement Agreement is to effectuate the Global Settlement Agreement which is incorporated herein.

1. The Interested Parties, jointly and severally, agree to pay the total sum of Three Hundred Million Dollars ($300,000,000.00) into the various settlement funds to be established as set forth below. All monies due under this Settlement Agreement shall be deposited by wire transfer pursuant to the following schedule:

    a. On or before 5:00 p.m. CDT on August 26, 2003, the sum of Seventy-Five Million Dollars ($75,000,000.00) shall be wire transferred to SouthTrust Bank to an interest bearing account of the Circuit Court of Calhoun County (the Honorable R. Joel Laird) (the "Court") as follows: State of Alabama, Ted Hooks, Clerk, CV-2001-874, Account Number 69530631, Routing Number 062000080 (the "Settlement Account");

2

FILED

OCT 2 8 2003

BILLY YATES
CLERK, CIRCUIT COURT

b.     On or before 5:00 p.m. CDT on the seventh day (or the next business day thereafter if the seventh day falls on a Saturday or Sunday) following the execution and filing of this Settlement Agreement with the Court, the sum of Two Hundred Million Dollars ($200,000,000.00) shall be wire transferred to the Settlement Account;

c.     On or before 5:00 p.m. CDT on August 26, 2004, and on each August 26 of each year thereafter (or the next business day thereafter if August 26 falls on a Saturday or Sunday) up to and including August 26, 2013, the sum of Two Million, Five Hundred Thousand Dollars ($2,500,000.00) shall be wire transferred in accordance with paragraph 3.h. of this Settlement Agreement.

2.     The funds described in paragraph 1 above shall not be distributed from the *Escrow* ~~Settlement~~ Account in accordance with the provisions of this Settlement Agreement until all the following conditions have been met:

a.     the Court has entered an order approving this Settlement Agreement in substantially the form set forth in Exhibit A;

b.     the Court has approved the settlement of the claims of the plaintiffs who are minors as set forth below;

c.     Plaintiffs' counsel notifies the Court and counsel of record for the Interested Parties that the Relocation/Property Adjustment Fund account and the corporation, foundation, trust, or other entity described in

3

FILED

OCT 28 2003

BILLY YATES
CLERK, CIRCUIT COURT

paragraph 3.d. have been established or selected.

3.     The funds in the Settlement Account shall be distributed as follows once all
conditions of paragraph 2 are satisfied:

a.     Each plaintiff who is an adult, a representative of the estate of a deceased

plaintiff (including any administrator ad litem appointed by the Court), or

is a church, business or other entity (hereinafter collectively referred to as

the "adult plaintiffs"), as a condition of receiving any payment to or on

behalf of such plaintiff from any of the separately available funds

established under this paragraph 3, shall be required to sign a general

release of all claims in the form of the release document attached hereto as

Exhibit B (the "Release"). The term "Released Parties," as used in this

Settlement Agreement, shall mean all persons and entities defined as

"Released Parties" in the Release, including without limitation, the

Interested Parties and their past, present and future affiliates, and their

respective officers, directors, employers and agents.

b.     Within ninety days after the signing of this Settlement Agreement (which

period will be extended for 30 days upon request of plaintiffs' counsel

(and thereafter upon mutual agreement of the parties hereto)) (such 90-day

period, together with any extensions, being hereinafter referred to as the

"Release Period"), plaintiffs' counsel shall use diligent efforts to secure

signed Releases from the adult plaintiffs, which Releases plaintiffs'

4

FILED

OCT 28 2003

BILLY YATES
CLERK, CIRCUIT COURT

counsel shall hold in escrow. Plaintiffs' counsel shall also use diligent
efforts during the Release Period to obtain Court approval of the
settlement of the claims of the plaintiffs who are minors. Plaintiffs'
counsel may, prior to the end of such 90-day period, together with any
extensions, notify the Court and the Interested Parties that they have
completed such diligent efforts. If such notice is given, the Release Period
shall end on the date of such notice.

c. When plaintiffs' counsel have obtained signed Releases from at least 75%
of the adult plaintiffs, plaintiffs' counsel shall so certify to the Court and
the Interested Parties. Immediately upon such certification, all funds in
the Settlement Account, including any interest accrued during the time
such money was on deposit in the Settlement Account, shall be wire
transferred to an interest bearing plaintiffs' attorneys' escrow account
("Escrow Account") designated by plaintiffs' counsel and approved by the
Court.

After plaintiffs' counsel have obtained court approval of the settlement of
the claims of the plaintiffs who are minors and plaintiffs' counsel have
obtained signed Releases from the adult plaintiffs and those minor and
adult plaintiffs (counting each estate represented by any court-appointed
administrator ad litem separately) total at least 97% of the plaintiffs on the
Plaintiff List described in paragraph 7, plaintiffs' counsel shall so certify
to the Court and the Interested Parties and shall release such signed

5

FILED

OCT 2 8 2003

BILLY YATES
CLERK, CIRCUIT COURT

Releases from escrow and shall deliver such signed Releases to the Interested Parties. The Interested Parties shall have three business days from the receipt of the Releases to verify the number, content and execution of the Releases, to verify the number of minor plaintiffs whose claims have been settled through the Court approval process, and to raise any issues relating to the Releases or the minors' settlement with plaintiffs' counsel. Any dispute relating to the Releases or to the count of the Releases or the minors whose claims have been settled by Court approval shall be resolved by the Court.

At the end of this three-day verification period or following the resolution by the Court of any disputes brought to the Court under this subparagraph, if plaintiffs' counsel have obtained signed Releases from the adult plaintiffs and court approval of the claims of the minor plaintiffs that total at least 97% of the plaintiffs on the Plaintiff List, plaintiffs' counsel shall distribute the funds in the Escrow Account as set forth in paragraphs 3.d. through 3.h. The Releases and the Court approval of the settlement of the claims of minors shall not be enforceable until such distribution of funds commences.

d.      Seventy-Five Million Dollars ($75,000,000.00), plus any interest accrued on such amount during the time such money was on deposit in the Settlement Account and the Escrow Account, shall be paid directly from the Escrow Account to plaintiffs' counsel and to plaintiffs as follows:

**FILED**

OCT 28 2003

BILLY YATES
CLERK, CIRCUIT COURT

i.   Thirty Million Dollars ($30,000,000.00), plus any interest accrued on such amount during the time such money was on deposit in the Settlement Account and the Escrow Account, shall be paid to plaintiffs' counsel for attorneys' fees.

ii.  The remaining Forty-Five Million Dollars ($45,000,000.00), plus any interested accrued on such amount during the time such money was on deposit in the Settlement Account and the Escrow Account, shall be paid from the Escrow Account to pay the claims of each settling plaintiff

e.   Fifteen Million Dollars ($15,000,000.00), plus any interest accrued on such amount during the time such money was on deposit in the Settlement Account and the Escrow Account, shall be paid directly to plaintiffs' counsel, such amount being assessed as costs in the above referenced matter.

f.   One Hundred and Fifty Million Dollars ($150,000,000.00), plus any interest accrued on such amount during the time such money was on deposit in the Settlement Account and the Escrow Account, shall be paid directly from the Escrow Account to plaintiffs' counsel and to a fund or funds established by plaintiffs' counsel for relocation/property adjustment payments to plaintiffs as follows:

i.   Sixty Million Dollars ($60,000,000.00), plus any interest accrued

FILED

OCT 2 8 2003

BILLY YATES
CLERK, CIRCUIT COURT

7

on such amount during the time such money was on deposit in the

Settlement Account and the Escrow Account, shall be paid to

plaintiffs' counsel for attorneys' fees;

ii. The remaining Ninety Million Dollars ($90,000,000.00), plus any

interest accrued on such amount during the time such money was

on deposit in the Settlement Account and the Escrow Account,

shall be paid to a Relocation/ Property Adjustment Fund Account

or Accounts designated by plaintiffs' counsel for payments for the

benefit of the approximately 920 plaintiff property owners and

other plaintiff residents for property relocation/adjustment. The

Relocation/Property Adjustment Fund shall be used for the

payment of monies for the benefit of plaintiff property owners

and/or plaintiff residents in accordance with a matrix to be

developed by plaintiffs' counsel in their sole discretion. Such

matrix will consider such factors as, among other things, jury

verdicts, proximity to the Anniston facility and drainage pathways

or waterways, including Snow Creek and Choccolocco Creek,

sampling results, fair market value of property, size of property,

and use of property.

g. Thirty-Five Million Dollars ($35,000,000.00), plus any interest accrued on

such amount during the time such money was on deposit in the Settlement

Account and the Escrow Account, shall be paid directly from the Escrow

FILED

OCT 2 8 2003

BILLY YATES
CLERK, CIRCUIT COURT

8

Account to plaintiffs' counsel and to a corporation, foundation, trust or other appropriate entity designated by plaintiffs' counsel as follows:

i.  Fourteen Million Dollars ($14,000,000.00), plus any interest accrued on such amount during the time such money was on deposit in the Settlement Account and the Escrow Account, shall be paid to plaintiffs' counsel for attorneys' fees;

ii.  Twenty-One Million Dollars ($21,000,000.00), plus any interest accrued on such amount during the time such money was on deposit in the Settlement Account and the Escrow Account, shall be used by the corporation, foundation, trust or other appropriate entity for the following general purposes, and the corporation, foundation, trust or other entity will have the authority to expend funds for such purposes, but will not be required to perform every such purpose:

(1)  To provide primary health care and/or to assist in gaining access to primary health care and other health care services (including but not limited to lab, dental, outreach, prenatal care, radiology, case management, pharmacy, preventive medicine, holistic medicine and other health care programs) by making grants or payments for the actual benefit of persons meeting the criteria of the corporation, foundation,

9



FILED
OCT 28 2003
BILLY YATES
CLERK, CIRCUIT COURT

trust or other entity;

(2) To provide educational grants, scholarships or loans to persons meeting the criteria of the corporation, foundation, trust or other entity for purposes including but not limited to those described in subparagraph (5) below;

(3) To provide health education and instruction to or on behalf of persons meeting the criteria of the corporation, foundation, trust or other entity;

(4) To provide such other programs or payments relating to health, education and community welfare that would benefit such persons meeting the criteria of the corporation, foundation, trust or other entity; and

(5) To create an educational trust fund to endow scholarships, grants or loans for purposes including but not limited to the evaluation of and development of personal education plans, pre-kindergarten program participation, after-school program participation, tutoring, participation in remedial programs or individual enrichment programs, computer training programs, SAT/ACT or other examination preparation programs, and participation in technical training, vocational, GED, college or adult educational

10

FILED

OCT 2 8 2003

BILLY YATES
CLERK, CIRCUIT COURT

programs.

h. The annual payments of Two Million, Five Hundred Thousand Dollars ($2,500,000.00) shall be paid directly from the Interested Parties to plaintiffs' counsel and to the corporation, foundation, trust or other appropriate entity designated by plaintiffs' counsel pursuant to paragraph 3.g. as follows:

 i. One Million Dollars ($1,000,000.00) shall be paid to plaintiffs' counsel for attorneys' fees;

 ii. One Million Five Hundred Thousand Dollars ($1,500,000.00) shall be paid to the corporation, foundation, trust or other appropriate entity established or selected in accordance with paragraph 3.g. hereof for the purposes outlined in paragraph 3.g. hereof.

4. Within seven (7) days of the signing of this Settlement Agreement, plaintiffs' counsel shall deliver to the Court and to the Interested Parties a list ("Plaintiff List") of the names of all plaintiffs, with a designation of which plaintiffs are minors, who are subject to the Release provisions or Court approval of the claims of minors under this Settlement Agreement. The Plaintiff List shall not include (a) plaintiffs who died more than two years prior to the date of this Settlement Agreement and for whom Suggestions of Death have been on file for at least six months and for whom there has been no substitution as plaintiff, or (b) plaintiffs who, prior to and including August 31, 2003, have moved to withdraw from the actions included within this Settlement Agreement. Within seven days of delivery of the Plaintiff List, the Interested Parties

11



FILED

OCT 28 2003

BILLY YATES
CLERK, CIRCUIT COURT

shall deliver to plaintiffs' counsel a list of any additions or changes to the Plaintiff List they may propose based in good faith on their records. Any dispute as to the Plaintiff List shall be resolved by the Court.

5. At the end of the Release Period, plaintiffs' counsel shall deliver to the Court and the Interested Parties a list of all adult plaintiffs, if any, who have not signed their respective Releases ("Unsigned Plaintiffs") and all minor plaintiffs who have not had their claims included within and resolved through the Court approval process ("Unresolved Minor Plaintiffs"), and the following provisions shall apply:

    a. If fewer than all of the adult plaintiffs have signed Releases and/or fewer than all of the minor plaintiffs have had their claims included within and resolved through court approval of the settlement of the minors' claims, the amounts to be distributed pursuant to paragraph 3 hereof shall be reduced by:

        i. any payments that would otherwise be made to the Unsigned Plaintiffs and the Unresolved Minor Plaintiffs, if any, representing the net settlement proceeds from the fund established in paragraph 3.d.;

        ii. any payments or grants that would otherwise be made to or for the benefit of the Unsigned Plaintiffs, if any, from the Property Relocation/Adjustment Fund established under paragraph 3.f.;

        iii. any payments or grants that would otherwise be made to or for the

12

FILED

OCT 28 2003

BILLY YATES
CLERK, CIRCUIT COURT

benefit of the Unsigned Plaintiffs and the Unresolved Minor

Plaintiffs, if any, from the funds described in paragraphs 3.g. and

h.

b. If the adult plaintiffs who have signed Releases and the minor plaintiffs

covered by the court approval of the minors' settlement total fewer than

97% of the plaintiffs on the Plaintiff List, then the Interested Parties, at

their sole discretion and election, may, during the period thirty-one (31) to

sixty (60) days after the end of the Release Period except as provided in

paragraph c.iii. below, give written notice to plaintiffs' counsel that this

Settlement Agreement is null and void. If the Interested Parties give such

written notice, plaintiffs' counsel shall have sixty (60) days to return any

and all monies provided for hereunder to the Interested Parties. In that

event, the plaintiffs reserve their right to file a motion with the Court

requesting that the jury trial in the Abernathy case be resumed from the

point at which it was stayed. If the Interested Parties do not give such

written notice, plaintiffs' counsel shall distribute the funds in the Escrow

Account as set forth in this Settlement Agreement.

c. Notwithstanding paragraphs 5.a. and 5.b. hereof, if the Court dismisses the

claims of the Unsigned Plaintiffs and the Unresolved Minor Plaintiffs, if

any, with prejudice, no later than thirty (30) days after the end of the

Release Period, then:

FILED

OCT 2 8 2003

BILLY YATES
CLERK, CIRCUIT COURT



i.     if the claims of all Unsigned Plaintiffs and the Unresolved Minor Plaintiffs are dismissed with prejudice and no notice of appeal from such dismissal is filed within forty-two (42) days ("Appeal Period") of such dismissal, this Settlement Agreement shall remain in full force and effect and there shall be no reduction in the amounts provided for in paragraph 3 hereof;

ii.    with respect to Unsigned Plaintiffs or Unresolved Minor Plaintiffs, if any, who file such notices of appeal within their respective Appeal Periods and Unsigned Plaintiffs and Unresolved Minor Plaintiffs, if any, whose claims are not so dismissed, the reduction provided for in 5.a. shall remain in effect, with respect to the amounts payable to such Unsigned Plaintiffs or Unresolved Minor Plaintiffs.

iii.    if the number of Unsigned Plaintiffs or Unresolved Minor Plaintiffs, if any, who file such notices of appeal within their respective Appeal Periods plus the number of Unsigned Plaintiffs and Unresolved Minor Plaintiffs, if any, whose claims are not so dismissed amount to more than 3% of the plaintiffs on the Plaintiff List, then the Interested Parties shall retain their right to cancel this Settlement Agreement under paragraph 5.b. hereof by written notice during the period thirty (30) days after the end of the last respective Appeal Period.

FILED

OCT 2 8 2003

BILLY YATES
CLERK, CIRCUIT COURT

14

6. No payments may be made to or for the benefit of any minor plaintiffs from any of the separately available funds established under paragraph 3 hereof until the Court approves the settlement of the minors' claims. No payments may be made to minors from the Property Relocation/Adjustment Fund.

7. Within sixty (60) days after the end of the Release Period (or, if claims of Unsigned Plaintiffs or Unresolved Minor Plaintiffs are dismissed under paragraph 5.c. hereof, within sixty (60) days of the end of the Appeal Period), plaintiffs' counsel shall return to the Interested Parties from the Escrow Account the amounts, if any, by which the amounts to be distributed pursuant to paragraph 3 are reduced under the terms hereof on account of Unsigned Plaintiffs and Unresolved Minor Plaintiffs. Within thirty (30) days after the end of the Release Period, plaintiffs' counsel shall also provide the following reports to the Interested Parties:

a. a report for each such Unsigned Plaintiff or Unresolved Minor Plaintiff of the amounts calculated for payments and/or grants to or for the benefit of that Plaintiff for the purposes of paragraphs 5.a.i., ii. and iii; and

b. with respect to each Unsigned Plaintiff or Unresolved Minor Plaintiff, if any, who, despite plaintiffs' counsel's good faith efforts, cannot be located, a report of the good faith efforts to locate such plaintiff.

8. Any dispute regarding the amount of the monies, if any, to be returned to the Interested Parties pursuant to paragraphs 5 and 7 above shall be referred to Resolutions LLC for resolution, and the decision of Resolutions LLC shall be binding upon the parties to this Settlement Agreement.

15

FILED

OCT 2 8 2003

BILLY YATES
CLERK, CIRCUIT COURT

9.     Plaintiffs acknowledge that the remediation obligations of the Interested Parties and the obligations, if any, of their affiliates and other persons or entities designated in Exhibit B as "Released Parties" are governed by the Revised Partial Consent Decree entered August 4, 2003. Upon delivery of the Releases from the adult plaintiffs pursuant to paragraph 3.c. hereof, plaintiffs agree to withdraw as amici curiae in the matter styled United States of America v. Pharmacia Corporation, et al., Civil Action No. 02-C-0749-E, and to forego any right to appeal any decision of the United States District Court regarding the Revised Partial Consent Decree.

10.     It is specifically acknowledged and agreed that the agreements and obligations of the Interested Parties under this Settlement Agreement are conditioned upon the concurrent execution of the Global Settlement Agreement and the execution of the Tolbert Settlement Agreement and entry of the Order and Judgment in Tolbert.

11.     Upon delivery of the Releases from the adult plaintiffs pursuant to paragraph 3.c. hereof, and the Court's approval of the minors' settlement, the plaintiffs and the Interested Parties shall jointly file motions for dismissal with prejudice, along with proposed orders, to effectuate the dismissal of all released claims in the cases referenced in the first paragraph of the preamble to this Settlement Agreement other than United States v. Pharmacia Corporation, et al. The orders in the state court cases shall provide that the Honorable R. Joel Laird, Jr., Calhoun County Circuit Court, retains continuing jurisdiction in those cases for the purpose of enforcing this Settlement Agreement.

12.     The parties make no representations or warranties of any kind to each other except as specifically set out in the Global Settlement Agreement and this Settlement Agreement

FILED

OCT 28 2003

BILLY YATES
CLERK, CIRCUIT COURT

16

and on the record before the Honorable U. W. Clemon and the Honorable R. Joel Laird, Jr. on August 20, 2003.

13. The Global Settlement Agreement and this Settlement Agreement and the attached Exhibits supersede all prior discussions, negotiations and agreements between the parties with respect to the settlement of the litigation. The Global Settlement Agreement, this Settlement Agreement and the attached Exhibits, and the representations made on the record on August 20, 2003, before the Honorable U. W. Clemon and the Honorable R. Joel Laird, Jr. contain the sole and entire agreement between the parties with respect to the settlement of the plaintiffs' claims.

14. This Settlement Agreement shall not be modified or amended except by an instrument in writing signed by or on behalf of the parties hereto and approved by the Court. No such modification or amendment shall modify or amend any Release without the written consent of the affected released party or parties.

15. It is understood and agreed by plaintiffs that the Global Settlement Agreement and this Settlement Agreement are a complete resolution, settlement and compromise of disputed claims, and neither the Global Settlement Agreement, this Settlement Agreement, the consideration, nor any discussions regarding the Global Settlement Agreement and this Settlement Agreement shall constitute an admission of liability or wrongdoing on the part of the Released Parties. It is expressly acknowledged by plaintiffs that the Released Parties deny any liability or wrongdoing whatsoever.

16. The parties agree that upon payment to or on behalf of the plaintiffs of the

17

FILED

OCT 28 2003

BILLY YATES
CLERK, CIRCUIT COURT

amounts (as they may be adjusted) set forth in paragraph 3d. through g. hereof and the agreement

to pay the amounts set forth in paragraph 3.h. hereof, any liability for punitive damages or

penalties against Pharmacia Corporation, Solutia Inc., Monsanto Company, or any of the

Released Parties relating to the manufacture, use, release or disposal of polychlorinated

biphenyls at or from the Anniston plant or Anniston property owned or controlled by the

Released Parties is extinguished and that an assessment of punitive damages or penalties against

Pharmacia Corporation, Solutia Inc., Monsanto Company, or any of the Released Parties relating

to the manufacture, use, release or disposal of polychlorinated biphenyls at or from the Anniston

plant or Anniston property owned or controlled by the Released Parties would not be warranted.

17.    The Global Settlement Agreement and this Settlement Agreement shall be

governed by, construed, interpreted and enforced in accordance with the laws of the State of

Alabama.

18.    Plaintiffs, by and through their counsel of record, represent and warrant that

plaintiffs' counsel have express authority to enter into the Global Settlement Agreement and this

Settlement Agreement. The Interested Parties, by and through their undersigned counsel,

represent and warrant that their undersigned counsel have express authority, pursuant to their

respective Articles of Incorporation, By-Laws, Board of Directors' resolutions, or other

governing corporate policy or procedure, to enter into the Global Settlement Agreement and this

Settlement Agreement on behalf of the Interested Parties.

19.    The Global Settlement Agreement and this Settlement Agreement shall apply to,

be binding upon, and inure to the benefit of all of the plaintiffs and the Released Parties as well

18

FILED

OCT 2 8 2003

BILLY YATES
CLERK, CIRCUIT COURT

as their respective heirs, legal representatives, successors in interest and assigns. Nothing in this Settlement Agreement shall provide any rights to, or be enforceable by, any person or entity other than the plaintiffs and the Released Parties.

20. The parties to this Settlement Agreement and their counsel shall use best efforts to effectuate the terms and purposes of this Settlement Agreement.

21. All notices or other communications to any party to this Settlement Agreement shall be in writing (and shall include facsimile or similar writing) and shall be given to the respective parties hereto at the following addresses. Plaintiffs' counsel and the Interested Parties may change the name and address of the person(s) designated to receive notice on behalf of such party by notice given as provided in this paragraph.

Plaintiffs:

      Donald W. Stewart, Esq.
      1131 Leighton Avenue
      P. O. Box 2274
      Anniston, Alabama 36202
      Facsimile: (256) 237-0713

      Daniel R. Benson, Esq.
      Kasowitz, Benson, Torres & Friedman LLP
      1633 Broadway
      New York, New York 10019
      Facsimile: (212) 506-1800

Interested Parties:

      William S. Cox, III, Esq.
      Lightfoot, Franklin & White, L.L.C.
      The Clark Building
      400 20th Street North
      Birmingham, AL 35203-3200



FILED

OCT 2 8 2003

BILLY YATES
CLERK, CIRCUIT COURT

19

22. All obligations of the Interested Parties pursuant to this Settlement Agreement (including, but not limited to, all payment obligations) are intended to be, and shall remain, joint and several.

23. Except as otherwise provided in the Global Settlement Agreement or this Settlement Agreement, all parties shall bear their own expenses of litigation and attorneys' fees which have arisen or will arise in connection with the litigation referenced in the preamble to this Settlement Agreement, the Global Settlement Agreement, this Settlement Agreement, or any other matters or documents related thereto.

24. This Settlement Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original and all of which together shall comprise a single instrument.

Dated: 9/9, 2003

_____
Attorneys for Plaintiffs

Dated: 9/9, 2003

_____
Attorneys for Monsanto Company

Dated: 9/9, 2003

_____
Attorneys for Solutia Inc.

Dated: 9/9, 2003

_____
Attorneys for Pharmacia Corporation

FILED
OCT 28 2003
BILLY YATES
CLERK, CIRCUIT COURT

20

# Exhibit B

FILED

OCT 2 8 2003

BILLY YATES
CLERK, CIRCUIT COURT

IN THE CIRCUIT COURT
ETOWAH COUNTY, ALABAMA

SABRINA ABERNATHY, ET AL.,    )
                        )
        Plaintiffs,        )
                        )
v.                          )     Civil Action No. CV-01-832
                        )
                        )
MONSANTO COMPANY, ET AL.,    )
                        )
        Defendants.     )

## ORDER APPROVING SETTLEMENT

This matter came before the Court upon the Joint Motion of the Parties for

Approval of the Global Settlement Agreement, entered into on September 9, 2003,

and the Settlement Agreement, entered into on September 9, 2003, both of which were

attached to such motion. Based upon the information provided by the parties and the

experience of the Court during the course of the pretrial and trial proceedings, including

the information provided during the joint hearing before the United States District Court,

Northern District of Alabama and this Court on August 20, 2003, IT IS HEREBY

ORDERED, ADJUDGED, and DECREED:

1.      The Global Settlement Agreement and the Settlement Agreement

          were the product of good faith negotiations among the parties to

          these actions with the assistance of Resolutions LLC as mediator.

2.      The terms and conditions of the Global Settlement Agreement and

          the Settlement Agreement are fair and reasonable, including the

FILED

OCT 28 2003

BILLY YATES
CLERK, CIRCUIT COURT

FILED

SEP 12 2003

BILLY YATES
CLERK, CIRCUIT COURT

payment of attorneys' fees and expenses as set forth in the
Settlement Agreement.

3.     The Settlement Agreement is incorporated herein, and the Court
retains continuing jurisdiction of this matter for the purpose of
enforcing the Settlement Agreement.

4.     The Court specifically finds that upon entry of this Order and the
payment to or on behalf of the plaintiffs of the amounts set forth in
paragraph 3.d. through g. of the Settlement Agreement and the
agreement to pay the amounts set forth in paragraph 3.h. of the
Settlement Agreement, there will be no further need for
punishment of or penalties against Pharmacia Corporation, Solutia
Inc., Monsanto Company, or any officer, director, employee,
agent, representative or affiliate thereof relating to the use,
manufacture, release or disposal of polychlorinated biphenyls at or
from the Anniston plant or Anniston property owned or controlled
by the parties released under the terms of the Settlement
Agreement. The Court further finds that an assessment of punitive
damages or penalties against Pharmacia Corporation, Solutia Inc.,
Monsanto Company, or any officer, director, employee, agent,
representative or affiliate thereof relating to the use, manufacture,
release or disposal of polychlorinated biphenyls at or from the
Anniston plant or Anniston property owned or controlled by the

**FILED**

**OCT 28 2003**

**BILLY YATES**
**CLERK, CIRCUIT COURT**

parties released under the terms of the Settlement Agreement would not be warranted.

5. The Court hereby approves Account No. 53505264 at Citibank, N.A., Private Bank, 153 East 53rd Street, New York, New York 10043, ABA # 021 000 089, For the Account of: Kasowitz, Benson, Torres & Friedman LLP, as Escrow Agent for the Abernathy Plaintiffs, as the Escrow Account designated by plaintiffs' counsel in accordance with the provisions of the Settlement Agreement.

6. In accordance with paragraph 3.b of the Settlement Agreement, the Court hereby assesses fifteen million dollars ($15,000,000.00) in costs against the defendants to be paid to plaintiffs' counsel in accordance with the terms and conditions of the Settlement Agreement.

DONE and ORDERED this 18th day of September, 2003.

R. Joel Laird, Jr.
Calhoun County Circuit Court

FILED

OCT 28 2003

BILLY YATES
CLERK, CIRCUIT COURT

# Exhibit C

FILED

OCT 2 8 2003

BILLY YATES
CLERK, CIRCUIT COURT

**IN THE CIRCUIT COURT OF ETOWAH COUNTY, ALABAMA**
**(Transferred from the Circuit Court of Calhoun County, Alabama)**

SABRINA ABERNATHY, et al., )
)
       Plaintiffs, )
)
v. )      **CIVIL ACTION CV-2001-832**
)      **(Consolidated)**
)
MONSANTO COMPANY, et al., )
)
       Defendants. )

## ORDER DIRECTING TRANSFER OF FUNDS

This matter came before the Court upon plaintiffs' counsel's certification, pursuant to

paragraph 3.c. of the Settlement Agreement, entered into on September 9, 2003, that they have

obtained signed Releases from at least 75% of the adult plaintiffs whose names appear on the

Plaintiff List. Having reviewed the Settlement Agreement and having reviewed plaintiffs'

counsel's certification, it is hereby ORDERED that:

The Clerk of the Court is directed to wire transfer, as soon as practicable, all funds

($275,000,000.00 plus any interest accrued during the time such money was on deposit) from the

Settlement Account (SouthTrust Bank, Account Number 69530631, State of Alabama, Ted

Hooks, Clerk, CV-2001-874) to the Escrow Account (Citibank, N.A., Private Bank, Account No.

53505264, 153 East 53rd Street, New York, New York 10043, ABA # 021 000 089, for the

account of: Kasowitz, Benson, Torres & Friedman LLP, as Escrow Agent for the Abernathy

Plaintiffs), an interest bearing plaintiffs' attorneys' escrow account, which was approved by this

Court on September 10, 2003.

DONE and ORDERED this ____ day of October, 2003.

FILED
OCT 28 2003
BILLY YATES
CLERK, CIRCUIT COURT

_____
R. JOEL LAIRD, JR.
CIRCUIT JUDGE