FILED
2010 Mar-02  PM 04:08
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT 2

## (Debtor's Objection to Reclassify Claims As Tort Claims)

**KIRKLAND & ELLIS LLP**
Citigroup Center
153 East 53rd Street
New York, NY 10022-4611
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900
Richard M. Cieri (RC 6062)
Jonathan S. Henes (JH 1979)
Michael A. Cohen (MC 1277)

Attorneys for the Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                                    :
                                                         :     Chapter 11
**SOLUTIA INC.**, *et al.*,                              :
                                                         :     Case No. 03-17949 (PCB)
                    Debtors.                             :
                                                         :     (Jointly Administered)
                                                         :
------------------------------------------------------------------ x

**THIS OBJECTION APPLIES TO:**

| | |
|---|---|
| **X**  All Debtors | ___  Axio Research Corporation |
| ___  Solutia Inc. | ___  Solutia Investments, LLC |
| ___  Solutia Business Enterprises Inc. | ___  Beamer Road Management Company |
| ___  Solutia Systems, Inc. | ___  Monchem, Inc. |
| ___  Solutia Overseas, Inc. | ___  Solutia Inter-America, Inc. |
| ___  CPFilms Inc. | ___  Solutia International Holding, LLC |
| ___  Solutia Management Company, Inc. | ___  Solutia Taiwan, Inc. |
| ___  Monchem International, Inc. | ___  Solutia Greater China, Inc. |

## DEBTORS' CONDITIONAL OBJECTION
## TO RECLASSIFY CLAIMS AS TORT CLAIMS

Solutia Inc. and certain of its affiliates, as debtors and debtors in possession (collectively,

the "Debtors"), hereby file this conditional objection (the "Objection") to the proofs of claim[1]

---

[1]  In the event that a proof of claim asserts more than one type of claim, this Objection only applies to the portion of the claim
that meets the definition of Tort Claims in the Plan.

listed on Exhibit A attached hereto (collectively, the "Claims"), which are predicated on

property damage, personal injury, products liability, premises liability or other damages arising

out of or related to exposure to or contamination from certain chemicals. The Debtors request

that the Court enter an order in the form of Exhibit B attached hereto reclassifying the Claims as

Tort Claims (as that term is defined in Solutia's Fifth Amended Joint Plan of Reorganization

dated October 19, 2007 (as may be subsequently amended, the "Plan"), conditioned upon the

confirmation of the Plan.   In support of the Objection, the Debtors respectfully represent as

follows:

### Preliminary Statement

1.     The Debtors are not seeking any determinations on the merits of the Claims. The

Plan (as defined below) provides that Tort Claims will pass through these chapter 11 cases

unaffected, and will be resolved in the ordinary course of business. The sole purpose of this

Objection is to allow the Debtors to maintain their claims register in these chapter 11 cases to

reflect the proper classification of the Claims, and to clarify the voting rights of the relevant

creditors with regard to the Plan.

### Jurisdiction

2.     The Court has subject matter jurisdiction to consider and determine the Objection

pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. §

157(b)(2).  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Background

3.     On December 17, 2003 (the "Commencement Date"), the Debtors commenced

with this Court a voluntary case under chapter 11 of title 11 of the United States Code, 11 U.S.C.

§§ 101-1330 (as in effect at such time, the "Bankruptcy Code").  The Debtors are authorized to

operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

4.      No trustee or examiner has been appointed in these chapter 11 cases. On January 6, 2004, pursuant to section 1102 of the Bankruptcy Code, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed a statutory committee of unsecured creditors (as re-constituted from time to time, the "Creditors' Committee").

5.      On February 20, 2004, pursuant to section 1114 of the Bankruptcy Code, this Court appointed an official committee of retirees (as re-constituted from time to time, the "Retirees' Committee").

6.      On March 24, 2004, pursuant to section 1102 of the Bankruptcy Code, the U.S. Trustee appointed a statutory committee of equity security holders (as re-constituted from time to time, the "Equity Committee").

7.      On October 19, 2007, the Court approved Solutia's Fifth Amended Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code. A hearing to consider confirmation of the Plan is scheduled to take place on November 29, 2007.

## Schedules And Proofs Of Claim

8.      On March 2, 2004, the Debtors filed with the Court their Statements of Financial Affairs and Schedules of Assets and Liabilities, which were subsequently amended on September 22, 2004.

9.      By order of the Court dated October 1, 2004 (the "Bar Date Order"), the Court established November 30, 2004 (the "Bar Date") as the deadline by which all claimants, subject

to certain stated exceptions, were required to file their proofs of claim in the Debtors' chapter 11 case and approved the Debtors' Plan for providing notice of the Bar Date to the Debtors' Creditors (the "Notice Plan"). The Debtors expended considerable efforts to design the Notice Plan and received significant input from the Court, the Creditors' Committee and other constituencies. In accordance with the Bar Date Order, the Debtors mailed written notice of the Bar Date (the "Bar Date Notice") to, among others, all claimants listed on the schedules, including the claimants whose claims are objected to herein. The Bar Date Notice was also published in 63 local and national newspapers. Pursuant to the Notice Plan, the notices published in local newspapers described the location of the Debtors' facilities and sites and the substances produced at such facilities. The Notice Plan provided adequate notice of the Bar Date to all parties in interest including potential holders of Tort Claims.

10.     Approximately 8,520 Claims appearing to be Tort Claims were filed against the Debtors in the aggregate amount of approximately 15,107,449,253.[2]

### Treatment of Tort Claims Pursuant to the Plan[3]

11.     The Plan is premised on a global settlement (the "Global Settlement") between Solutia, Monsanto Company ("Monsanto"), Pharmacia Corporation, the Creditors' Committee, the Equity Committee and other parties which reallocates certain liabilities Solutia assumed when it was created. The future treatment of tort liabilities, including the Claims, is an important component of the Global Settlement and the Plan. Pursuant to the Plan, claims that would otherwise be classified as General Unsecured Claims (as defined in the Plan), but that fit within

---

[2]   This amount excludes unliquidated portions of Tort Claims.

[3]   The descriptions of the Plan and the treatment of claims thereunder are intended to be a summary only and are qualified in their entirety by the Plan.

the definition of Tort Claims, are treated differently than General Unsecured Claims. The Tort Claims will not be impacted by the Debtors' chapter 11 cases and will pass through these chapter 11 cases unaffected. The Tort Claims will be resolved in the ordinary course of business by Solutia or Monsanto, as applicable, pursuant to applicable state and/or federal law. Plan at Art. III.B.8. In addition, the Debtors will not be receiving a discharge from Tort Claims. Id.

## Conditional Objection

12.    Pursuant to the Plan, Tort Claims are passing through these chapter 11 cases unaffected and being treated differently from other general unsecured claims. Under the Plan, the Debtors will not receive a discharge from Tort Claims. In order to ensure that the Claims are properly treated as Tort Claims for voting and other purposes in connection with the Plan, and to enable the Debtors to maintain an accurate claims register, the Debtors are objecting to the Claims and requesting that the Court enter an order reclassifying the Claims as Tort Claims, conditioned upon confirmation of the Plan (or any amendment thereto which provides for similar treatment of Tort Claims).

## Reservation of Rights

13.    Notwithstanding anything contained herein to the contrary, the Debtors hereby reserve any and all of their rights with respect to the Claims including, the right to object in the future to any of the Claims that are reclassified as Tort Claims based on the merits of such Claims and any procedural or substantive grounds. A separate notice will be given and hearings will be scheduled for any such objections. Further, the Debtors reserve the right to amend, modify or supplement this Objection, in which case the subject claimant(s) will receive notice and a new hearing will be scheduled. In addition, notwithstanding the reclassification of any Claim as a Tort Claim, as between Monsanto and Solutia, the allocation of liability for any

individual claim shall be governed by the applicable provisions of the Monsanto Settlement Agreement (as defined in the Plan).

### Notice

14.    The Objection and a notice thereof will be served upon (a) the U.S. Trustee, (b) counsel to the Creditors' Committee, (c) counsel for the agents for Solutia's postpetition secured lenders, (d) counsel to the Retirees' Committee, (e) counsel to the Equity Committee, (f) counsel to the Trade Committee, (g) counsel to the Noteholders' Committee, (h) the indenture trustee for each of the public debt securities issued or guaranteed by Solutia, (i) the labor organizations that are party to collective bargaining agreements with Solutia, (j) Pharmacia Corporation, (k) Monsanto Company, (l) the Securities and Exchange Commission, (m) the Internal Revenue Services, (n) counsel to the indenture trustee of Solutia's 2027/2037 notes, (o) the Holders of the Claims, and (p) all other entities set forth in Solutia's Master Service List established pursuant to that certain Order Establishing Notice Procedures, dated December 18, 2003.  In light of the nature of the relief requested herein, Solutia submits that no other or further notice of the Objection need be given.

### No Prior Request

15.    No prior request for the relief sought in the Objection has been made to this or any other court.

**WHEREFORE**, the Debtor respectfully requests entry of an order, substantially in the form annexed as <u>Exhibit B,</u> granting the relief requested herein and such other and further relief as is just.

Dated:   October 25, 2007                Respectfully submitted,
         New York, New York

                                         /s/Jonathan S. Henes
                                         Richard M. Cieri (RC 6062)
                                         Jonathan S. Henes (JH 1979)
                                         Michael A. Cohen (MC 1277)
                                         **KIRKLAND & ELLIS LLP**
                                         Citigroup Center
                                         153 East 53rd Street
                                         New York, New York 10022-4611
                                         Telephone: (212) 446-4800
                                         Facsimile: (212) 446-4900

                                         Attorneys for the Debtors and Debtors in Possession

## EXHIBIT A

## TORT CLAIMS

| Creditor Name | Claim No | Creditor Address | Creditor Address 2 | City | State | Zip Code | Agent Info | Total Asserted Amount |
|---|---|---|---|---|---|---|---|---|
| MCMILLIN, CHARLES W. (DECEASED) | 7139 | | | | | | GOLDENBERG MILLER HELLER & | Unliquidated |
| MCMILLION, COURTNEY | 13340 | 4722 RODOVICH DR. | | YOUNG HARRIS | GA | 30582 | THE CALWELL PRACTICE, PLLC | $1,000,000.00 |
| MCMINN, SIDNEY CLAUDE | 9671 | | | | | | SILBER PEARLMAN, LLP | Unliquidated |
| MCMURTRY, REGINALD | 2368 | 4538 NATURAL BRIDGE | | SAINT LOIUS | MO | 63115 | | Unliquidated |
| MCNAIR, JOSEPH | 9672 | | | | | | SILBER PEARLMAN, LLP | Unliquidated |
| MCNEAL, BRIANCA | 14317 | PO BOX 546 | | LINCOLN | AL | 35096 | | $25,000.00 |
| MCNEALY, MARY L. | 13329 | 219 EMPIRE DR. | | ST. ALBANS | WV | 25177 | | $1,000,000.00 |
| MCPEARSON, DONALD ANGUS, SR. (ESTATE OF) | 9673 | | | | | | SILBER PEARLMAN, LLP | Unliquidated |
| MCPHERSON, DALLAS | 9674 | | | | | | SILBER PEARLMAN, LLP | Unliquidated |
| MCQUEEN, MARSHALL | 5124 | | | | | | MCCURDY & MCCURDY, L.L.P. | Unliquidated |
| MCRAE, M.C. (DECEASED) | 5125 | | | | | | MCCURDY & MCCURDY, L.L.P. | Unliquidated |
| MCRATH, CARL FREDRICUS | 14300 | 723 DAGUN ST. | | ANNISTON | AL | 36206 | | Unliquidated |
| MCRATH, JOANNE | 10515 | 53 FAITH AVENUE | | JACKSONVILLE | AL | 36265 | | Unliquidated |
| MCRATH, WM EARL | 10960 | 53 FAITH AVENUE | | JACKSONVILLE | AL | 36265 | | Unliquidated |
| MCRAY, CHARLES WILEY | 3052 | | | | | | FOSTER & SEAR, L.L.P. | Unliquidated |
| MCREYNOLDS, HUBERT TEER (ESTATE OF) | 9675 | | | | | | SILBER PEARLMAN, LLP | Unliquidated |
| MCVAY, PAMELA | 13663 | | | | | | BRAYTON PURCELL | $300,000.00 |
| MEADOWS, CHARLES EDWARD | 3053 | | | | | | FOSTER & SEAR, L.L.P. | Unliquidated |
| MEADOWS, DOUG | 12808 | 210 DUPONT AVE. | | NITRO | WV | 25143 | | $100,000.00 |
| MEADOWS, PATRICIA K. | 12809 | 18809 PARADE ROAD | | PORT RICHEY | FL | 346676233 | | $1,000,000.00 |
| MEADOWS, TODD ERIC | 12810 | 5359 KAREN CIRCLE | | CROSS LANES | WV | 25313 | | $1,000,000.00 |
| MEADOWS, TOMMY JR. | 9676 | | | | | | SILBER PEARLMAN, LLP | Unliquidated |
| MEADOWS, VALERIE LYNN | 12811 | 5359 KAREN CIRCLE | | CROSS LANES | WV | 25313 | | $1,000,000.00 |
| MEADOWS, VICKI | 12812 | 5149 BIG TYLER RD. | | CHARLESTON | WV | 25313 | | $1,000,000.00 |
| MEADOWS, WILLIAM G. | 8079 | 991 ZERKLE STREET | | ST. ALBANS | WV | 25177 | THE CALWELL PRACTICE, PLLC | $1,000,000.00 |
| MEANS, BOLS E., JR | 3962 | 247 OLIVER ST. | | ST. ALBANS | WV | 25177 | | $1,000,000.00 |
| MEANS, ELIJAH | 13852 | | | | | | BRAYTON PURCELL | $50,000.00 |
| MEANS, MARY | 7760 | 247 OLIVER ST | | ST. ALBANS | WV | 25177 | THE CALWELL PRACTICE, PLLC | $1,000,000.00 |
| MEANS, ROBERT, SR. (ESTATE OF) | 7761 | 247 OLIVER ST | | ST. ALBANS | WV | 25177 | THE CALWELL PRACTICE, PLLC | $1,000,000.00 |
| MEAUX, SHIRLEY AND KENNETH | 11698 | | | | | | LAW OFFICES OF HERSCHEL L. | $25,000.00 |
| MECKER, STEVE P. | 12136 | | | | | | SIMMONSCOOPER LLC | Unliquidated |
| MEDDINGS, JAMES E., SR | 12813 | 110 SWAN LANE | | ST. ALBANS | WV | 25177 | | $1,000,000.00 |
| MEDICARE | 6577 | | | | | | U.S. DEPT. OF HEALTH & HUMAN | Unliquidated |
| MEDINA, MANUEL A., JR. | 3054 | | | | | | FOSTER & SEAR, L.L.P. | Unliquidated |
| MEDINA, ROY A. | 9677 | | | | | | SILBER PEARLMAN, LLP | Unliquidated |
| MEDINA, THOMAS JOSEPH, ESTATE OF | 9678 | | | | | | SILBER PEARLMAN, LLP | Unliquidated |
| MEDLEY, SHARON | 9679 | | | | | | SILBER PEARLMAN, LLP | Unliquidated |
| MEDLIN, CECIL B., ESTATE OF | 9680 | | | | | | SILBER PEARLMAN, LLP | Unliquidated |
| MEDRANO, AUTORO RIVERA | 9681 | | | | | | SILBER PEARLMAN, LLP | Unliquidated |
| MEEKS, JAKOB SAMUEL | 12814 | 234 VENTRAUX RD. | | ST. ALBANS | WV | 25177 | | $1,000,000.00 |
| MEEKS, NYLA JAYNE | 12815 | 234 VENTROUX RD. | | ST. ALBANS | WV | 25177 | | $1,000,000.00 |
| MEGGINSON, MICHAEL NED (DECEASED) | 7230 | | | | | | BARON & BUDD, P.C. | Unliquidated |
| MEJIA, JOE | 9683 | | | | | | SILBER PEARLMAN, LLP | Unliquidated |
| MEJIA, STANLEY ZAPIEN | 5126 | | | | | | MCCURDY & MCCURDY, L.L.P. | Unliquidated |
| MEJIA, TOMAS RAMOS | 9684 | | | | | | SILBER PEARLMAN, LLP | Unliquidated |
| MELCHOR, FLORENCIO GARCIA, JR. | 3055 | | | | | | FOSTER & SEAR, L.L.P. | Unliquidated |
| MELLEMA, JAMES | 8327 | 6952 156TH STREET NW | | CASS LAKE | MN | 56633 | THE CALWELL PRACTICE, PLLC | Unliquidated |
| MELLEMA, JAN L. | 5127 | | | | | | MCCURDY & MCCURDY, L.L.P. | Unliquidated |
| MELLERT, KENNETH | 8080 | 708 KANAWHA SOUTH | | NITRO | WV | 25143 | THE CALWELL PRACTICE, PLLC | $1,000,000.00 |
| MELLERT, NANCY | 8081 | 708 KANAWHA AVENUE | | NITRO | WV | 25143 | THE CALWELL PRACTICE, PLLC | $1,000,000.00 |
| MELO, JOSE T. | 5128 | | | | | | MCCURDY & MCCURDY, L.L.P. | Unliquidated |
| MELOY, FREDERICK | 11920 | | | | | | LOU THOMPSON BLACK, ATTORNEY | Unliquidated |
| MELTON, LARRY | 11765 | | | | | | LOU THOMPSON BLACK, ATTORNEY | Unliquidated |
| MENDES, RUBY | 14263 | 2244 HWY 72E | | HUNTSVILLE | AL | 35811 | | Unliquidated |
| MENDEZ, ALBERTO CARDENAS | 5129 | | | | | | MCCURDY & MCCURDY, L.L.P. | Unliquidated |
| MENDOZA, JOE CAMPOS | 9685 | | | | | | SILBER PEARLMAN, LLP | Unliquidated |
| MENDOZA, JOSE | 5130 | | | | | | MCCURDY & MCCURDY, L.L.P. | Unliquidated |
| MENEFEE, FLOYD BURDETT, JR. (ESTATE OF) | 9686 | REPRESENTATIVE | | | | | SILBER PEARLMAN, LLP | Unliquidated |
| MENNA, GEORGE | 10923 | 2215 CAMBRIDGE | | TRENTON | MI | 48183 | | Unliquidated |
| MENNER, MICHAEL J | 6687 | 213 OAK TREE | | COLUMBIA | IL | 62236 | | Unliquidated |
| MERCER, RICHARD T | 14353 | 501 LINDENWOOD | | TROY | IL | 62294 | | Unliquidated |
| MERCER, SHANNON A | 14342 | 501 LINDENWOOD | | TROY | IL | 62294 | | Unliquidated |
| MERCHANT, BILLY C. | 3056 | | | | | | FOSTER & SEAR, L.L.P. | Unliquidated |
| MERCHANT, BILLY C. | 3056 | | | | | | FOSTER & SEAR, L.L.P. | Unliquidated |
| MERCHANT, HOMER LEE | 9687 | | | | | | SILBER PEARLMAN, LLP | Unliquidated |
| MERCHANT, ROBERT GLEN | 9688 | | | | | | SILBER PEARLMAN, LLP | Unliquidated |
| MERIMON, LOIS ALBERT | 9689 | | | | | | SILBER PEARLMAN, LLP | Unliquidated |