IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) CV-09-BE-2423-E |
| V. | ) |
| | ) |
| JAMES J. STRICKER, et al., | ) |
| | ) |
| DEFENDANTS. | ) |

### DEFENDANT MONSANTO COMPANY'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS

Defendant Monsanto Company ("Monsanto") respectfully submits this reply brief in support of its Motion to Dismiss.

**I. The Government's Claims Against Monsanto Are Subject to a Three-Year Limitations Period.**

Monsanto demonstrated in its opening brief that the three-year statute of limitations under 28 U.S.C. § 2415(b) applies because the Government's claim is "founded upon a tort." In its reply, the Government does not dispute that its claims must be dismissed if the three-year period applies.

The Government instead bases its opposition on its erroneous contention that its claim is "founded upon an express or implied contract" and that the six-year statute of limitations under § 2415(a), therefore, applies. U.S. Br. at 20. Conspicuously missing from the Government's brief, however, is any effort to identify any express or implied contract that actually exists between Monsanto and

1

the Government upon which it could base its claim. Indeed, rather than point to any such specific contract, the Government breezes past that requirement by stating that its claim is "*akin* to an implied contract action." U.S. Br. at 21 (emphasis added). But statute's unambiguous language requires that the Government's claim be "founded upon a contract express or implied," and there is no room for the statute to apply to a claim that is merely "akin" to a contract action.

In an effort to get around the absence of a contract, the Government erroneously suggests that there is a *per se* rule that the six-year period applies in every case brought under the Medicare Secondary Payer ("MSP") Act. Such a *per se* rule, however, has been consistently rejected, including in the case law cited by the Government. "The choice of the most appropriate statutory period must be 'grounded in logic and reason' rather than by rote reference to the statutory provision under which the Government sues." *U. S. v. Weinberg*, 2002 U.S. Dist. LEXIS 12289, *11-12 (E.D. Pa. July 1, 2002) (quoting *Cockerham v. Garvin*, 768 F.2d 784, 787 (6th Cir. 1985)).

To support its argument that the six-year statute of limitations should apply, the Government cites six Medicare-related cases that have utilized the six-year period, but those cases are inapposite because the Government's claims in each of them was founded upon an actual express or implied contract. None of the cited

cases involves the Government's attempt to force a settling defendant in contested tort litigation to pay Medicare for a beneficiary's medical expenses.

If one looks to the "logic and reason" underlying the application of the six-year limitations period in those six cases, it is clear that the cases are fundamentally different from this action. First, the Government cites two MSP actions against insurers that were in express contractual relationships with the Centers for Medicare and Medicaid Services ("CMS"). *See U.S. v. Blue Cross and Blue Shield of Michigan*, 726 F. Supp. 1517 (E.D. Mich. 1989) (applying six-year period to the government's claims that insurer had breached its contract with the government by misprocessing Medicare claims); *Provident Life & Accident Ins. Co. v. U.S.*, 740 F. Supp. 492, 505 (E.D. Tenn. 1990) (applying six-year period to the Government's claims that an insurer had breached its contract with the Government by overpaying Medicare benefits for the "working aged"). In this case, there is *no* contractual relationship between CMS and Monsanto, express or otherwise.

The next three cases cited by the Government are not only contract cases, they are also based on different provisions of Medicare law. *U.S. v. Beck* is a recoupment action in which the Government sued a physician who was contractually enrolled in the Medicare program and was paid for his services in excess of the amount allowed under the Medicare Act. 758 F.2d 1553 (11th Cir.

1985). *Manning v. Utils. Mut. Ins. Co.*, 254 F.3d 387 (2nd Cir. 2001), and *Brooks v. Blue Cross/Blue Shield of Florida, Inc.*, 1995 U.S. Dist. LEXIS 22124 (S.D. Fla. 1995), arose under the MSP sections creating a private cause of action for Medicare beneficiaries who believe an insurance plan should pay for their medical costs. *See* 42 U.S.C. § 1395(b)(3)(A). In *Manning*, a Medicare beneficiary sued his insurer and employer for wrongfully refusing to pay benefits under his worker's compensation benefits policy, *i.e.*, a contract. 254 F.3d at 390. In *Brooks*, plaintiff workers and their employers alleged that insurers who had sold the employees supplemental Medicare insurance policies, *i.e.*, contracts, should be considered primary payers under the MSP Act. 1995 U.S. Dist. LEXIS 22124 at *9-14. Each of these cases indisputably involved contractual relationships and arose under different statutory provisions. Not a single one shares the essential nature of the claim against Monsanto.

The sixth and final case cited by the Government is *United States v. Weinberg*, an unreported Pennsylvania district court opinion involving an MSP claim against a tort plaintiff's attorney. The Government argues that the case addresses the "exact issue" presently before this Court, U.S. Br. at 22, but this is incorrect. The district court in *Weinberg* concluded that the Government's claim was founded upon a restitution (*i.e.,* unjust enrichment) theory and was subject to the six-year period. In reaching the conclusion that a "traditional restitution claim"

was at issue, the court made clear that its ruling was based on the fact that the plaintiff's attorney "held monies on behalf of a Medicare beneficiary obligated to repay the Government." 2002 U.S. Dist LEXIS 12289 at *15-16. In other words, it was the fact that the attorney had been *paid settlement funds and was holding them for the Medicare beneficiary* that brought this under the restitution/unjust enrichment umbrella. The Government does not and could not contend that Monsanto was paid a penny from the settlement fund, so the *Weinberg* case comes nowhere close to presenting the "exact issue" before this Court.

In addition to claiming erroneously that there is a *per se* rule that the six-year statute of limitations applies in all MSP cases, the Government makes an even greater leap in suggesting that the six-year period applies in every case based upon a federal cost-recovery statute. U.S. Br. at 22-23. Not only does that suggestion conflict with the idea that the applicable limitations period should not be determined by "rote reference" to the statute under which the Government sues, *see supra*, at 2, it also ignores numerous federal cases applying the three-year statute of limitations period in cases involving federal cost-recovery statutes. *See U.S. v. Barge Shamrock*, 635 F.2d 1108 (4th Cir. 1980) (holding that Government action under the Federal Water Pollution Control Act to recover costs of cleaning up an oil spill is founded upon a tort within the meaning of § 2415(b)); *U.S. v. Central Soya, Inc.*, 697 F.2d 165 (7th Cir. 1982) (holding that Government action

5

under the Rivers and Harbors Act was founded upon a tort since it was "based upon the occurrence of a statutorily defined wrongful act."); *U.S. v. Vicon Constr. Co.*, 575 F. Supp. 1578 (S.D.N.Y. 1983) (holding that Government action for reimbursement of payments pursuant to a federal flood insurance program was founded upon a tort). In addition, actions under the most closely analogous cost-recovery statute, the Medical Care Recovery Act, are universally recognized to be founded upon tort. *See In re Dow Corning Corp.*, 250 B.R. 298, 351 (Bankr. E.D. Mich. 2000).

Although the Government tries to divert attention to cases arising in entirely different circumstances, the Government cannot escape the fact that *Dow Corning* is the only reported MSP case analyzing whether a three-year or six-year limitations period applies when the Government seeks to recover conditional payments from a tort defendant after it has agreed to settle contested litigation brought by a purported Medicare beneficiary. The *Dow Corning* court correctly determined that the three-year limitations period applied because the Government's MSP claim was founded on a tort.

The court in *Dow Corning* accurately viewed the conclusion that the Government's MSP claim was founded in tort as "elementary," *id.*, and the same conclusion holds here. Had the Medicare beneficiaries not sued Monsanto on tort

claims and reached a settlement of those tort claims, the Government would have no claim in this case.

More importantly, the *Dow Corning* court recognized that, in order to recover under the MSP Act, the Government would have to show that it is seeking reimbursement for conditional payments for "medical care necessitated by the commission of a tort against the Medicare beneficiary." *Id.* at 340. Because of the need to present that causation-based proof and because the Government could identify no contract between it and the party from which it sought reimbursement, the *Dow Corning* court correctly determined that the MSP claim was founded in tort. *Id.* at 352.

The Government simply cannot credibly assert that it can recover its conditional payments from Monsanto without any proof that the services for which it rendered payment were related to the conduct underlying Monsanto's alleged tort liability. If that were true, Monsanto would be obligated to reimburse the Government for treatment for ailments and injuries that have no conceivable relation to PCB exposure.[1] Because of the need to present that evidence – causation-based proof – linking the Government's payments to the alleged tortious conduct, there can be little doubt that "logic and reason" compel the conclusion

---

[1] Monsanto adopts and incorporates herein by reference the discussion in Solutia's reply brief of the need for the Government to establish a nexus between the medical items and services for which the Government made conditional payments and any medical items and services for which the corporate defendants made payment through the *Abernathy* settlement agreement.

that the MSP claim is founded upon a tort and that the three-year statute thus applies.

## II. Judicial Estoppel Prevents the Government From Now Denying That Its Claims Are Founded Upon a Tort.

In addition to the substantive reasons why this action is subject to a three-year limitations period, the Government is judicially estopped from denying that the current action is founded upon a tort, and the Government's argument to the contrary is wrong for three reasons.

First, the notion that the Government must have made a statement under oath in order for judicial estoppel to apply (U.S. Br. at 28) is inconsistent with Eleventh Circuit precedent. *See Stephens v. Tolbert*, 471 F.3d 1173, 1177 (11th Cir. 2006) (not including a statement under oath among factors supporting judicial estoppel); *TransAmerica Leasing, Inc. v. Inst. of London Underwriters*, 430 F.3d 1326, 1335 (11th Cir. 2005) ("the circumstances under which judicial estoppel should be invoked are not reducible to a general formulation").

Second, the Government's suggestion that it should not be deemed through silence to have persuaded the bankruptcy court to treat its claims as a tort (U.S. Br. at 28) is contrary to settled bankruptcy law. In the context of bankruptcy proceedings, "failure to object constitutes acceptance of the plan." *In re Jones*, 530 F.3d 1284, 1291 (10th Cir. 2008). By not objecting to the classification of its

8

claim as a tort, the law deems the Government to have affirmatively agreed with that provision of the bankruptcy plan.

Third and most importantly, the Government completely ignores the "elephant in the room" on this argument. The Government's claim survived the Solutia bankruptcy only because it was classified as a tort, but now the Government wants to survive the statute of limitations by insisting that the claim is not founded on a tort. The Government's suggestion that it would be inequitable to require it to be consistent in its litigation positions (U.S. Br. at 29) is baseless. The Government wants to have it both ways, which is precisely what the doctrine of judicial estoppel is designed to prevent.[2]

### III. Conclusion

For these reasons and the reasons identified in Monsanto's opening brief, Monsanto respectfully requests that the Court grant its Motion to Dismiss.

ORAL ARGUMENT IS RESPECTFULLY REQUESTED

---

[2] Monsanto further adopts and incorporates by reference all of the arguments in the briefs of Solutia and Pharmacia.

Respectfully submitted,


    s/ Matthew H. Lembke
   One of the Attorneys for Defendant
         Monsanto Company

<u>OF COUNSEL</u>:

J. Mark White
Augusta S. Dowd
Linda G. Flippo
White Arnold & Dowd P.C.
2025 Third Avenue North, Suite 500
Birmingham, AL 35203
205-323-1888

Matthew H. Lembke
Ty E. Dedmon
Andrew L. Brasher
Bradley Arant Boult Cummings LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203
205-521-8000

# CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of March, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Cathy J. Burdette
>J. Christopher Kohn
>Ruth A. Harvey
>US DEPARTMENT OF JUSTICE, CIVIL DIVISION
>Ben Franklin Station
>PO Box 875
>Washington , DC 20044
>202-616-2316
>Fax: 202-514-9163
>Email: cathy.burdette@usdoj.gov
>
>Joyce White Vance
>Richard E. O'Neal
>US ATTORNEY'S OFFICE
>1801 4th Avenue North
>Birmingham , AL 35203-2101
>1-205-244-2001
>Fax: 1-205-244-2175
>Email: joyce.vance@usdoj.gov
>          Richard.O'Neal@usdoj.gov
>
>John T. McConkie
>UNITED STATES DEPARTMENT OF JUSTICE
>1100 L Street, NW
>Washington , DC 20005
>202-307-0244
>Fax: 202-307-0494
>Email: John.T.McConkie@usdoj.gov
>
>J. Gusty Yearout
>Yearout & Traylor, PC
>3300 Cahaba Road
>Suite 300
>Birmingham, Alabama 35223

gyearout@yearout.net
Counsel for:
*Don Barrett*
*The Barrett Law Firm, PA*
*Charles E. Fell, Jr.*
*Charles Cunningham, Jr.*
*Cunningham & Fell PLLC*

George P. Ford
Ford, Howard & Cornett, PC
PO Box 388
Gadsden , AL 35902
256-546-5432
Fax: 256-546-5435
Email: george@fordhowardcornett.com
Counsel for:
*Cusimano, Keener, Roberts & Raley, PC*
*Greg Cusimano*

William S. Cox, III
Kevin E. Clark
Wesley B. Gilchrest
Lightfoot, Franklin & White, LLC
The Clark Building
400 North 20th Street
Birmingham, AL 35203
205-581-0700
Counsel for:
*Pharmacia Corporation*

Vernon L. Wells, II
J. David Moore
Walston Wells & Birchall, LLP
One Federal Place
1819 Fifth Avenue South
Suite 1100
Birmingham, AL 35203
Counsel for:
*Solutia Inc.*

J. Mark White
Augusta S. Dowd
Linda G. Flippo
White Arnold & Dowd P.C.
2025 Third Avenue North, Suite 500
Birmingham, AL 35203
205-323-1888
Counsel for:
*American International Group, Inc.*
*Travelers Indemnity Company*

Teresa G. Minor
M. Todd Lowther
Balch & Bingham LLP
1901 Sixth Avenue North
P.O. Box 306
Birmingham, AL 35201
Counsel for:
*Kasowitz, Benson, Torres & Friedman LLP*
*Daniel R. Benson*
*James J. Stricker*
*Donald W. Stewart*

Bruce F. Rogers
Charles K. Hamilton
Bainbridge, Mims, Rogers & Smith LLP
600 Luckie Drive 530886
Birmingham, AL 35253
Counsel for:
*Johnston Druhan, LLP*

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

The Cody Law Firm, PC
Lorna Oaks Professional Center
3141 Lorna Rd.
Suite 202
Birmingham, Alabama 35216

s/ Matthew H. Lembke
Matthew H. Lembke