

FILED

2010 May-26  PM 02:11
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| James J. Stricker; Daniel R. Benson; Kasowitz, Benson, Torres & Friedman, LLP; Donald W. Stewart d/b/a as Donald W. Stewart, PC; Don Barrett; The Barrett Law Firm, PA; Charles E. Fell, Jr.; Charles L. Cunningham, Jr.; Cunningham & Fell, PLLC; Johnston Druhan, LLP; Greg Cusimano; Cusimano, Keener, Roberts & Raley, P.C; The Cody Law Firm, PC; Monsanto Company; Solutia, Inc.; Pharmacia Corporation; Travelers Companies, Inc., d/b/a The Travelers Indemnity Company; American International Group, Inc.; Lexington Insurance Company; American Home Assurance Company; National Union Fire Insurance Company of Pittsburgh, PA; The Insurance Company of the State of Pennsylvania; The Travelers Indemnity Company, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. CV-09-KOB-2423-E  **FIRST AMENDED COMPLAINT** |
| Defendants. | ) | |

-1-

The United States of America files this civil action to recover costs of medical care provided or paid for by the United States, based upon rights conferred under the Medicare Secondary Payer ("MSP") Statute, 42 U.S.C. § 1395y(b)(2), and regulations promulgated thereunder, 42 C.F.R. § 411.20 *et seq.*, pursuant to which the United States may recover reimbursement for conditional Medicare payments from entities that are required or responsible to make payment with respect to covered items or services under a liability insurance policy or plan (including a self-insured plan) and entities and persons receiving such payments. In support of its complaint, the United States makes the following allegations:

## PARTIES

The United States files this action pursuant to the MSP Statute, on behalf of the Secretary of Health and Human Services ("HHS").  The Secretary of HHS is the federal official vested with primary responsibility for oversight of the Medicare program, which pays for health benefits to specified elderly and disabled individuals pursuant to 42 U.S.C. § 1395 *et seq*.  The Secretary has delegated responsibility for administration of the Medicare program to the Centers for Medicare & Medicaid Services ("CMS").  42 U.S.C. §§ 1935hh and ii.

1.     Upon information and belief, Monsanto Company ("Monsanto") is a Delaware corporation with its principal place of business in St. Louis, Missouri.

2.     Upon information and belief, Pharmacia Corporation ("Pharmacia") is a Delaware corporation with its principal place of business in New York, New York.

3.     Upon information and belief, Solutia, Inc. ("Solutia"), is a Delaware corporation with its principal place of business in St. Louis, Missouri.

4.     Upon information and belief, Travelers Companies, Inc., ("Travelers"), is a Minnesota corporation with its principal place of business in New York, New York and additional executive offices in Hartford, Connecticut. Upon information and belief, The Travelers Indemnity Company ("Travelers Indemnity") is a Connecticut corporation with its principal place of business in Connecticut.

5.     Upon information and belief, American International Group, Inc. ("AIG"), is a Delaware corporation with its principal place of business in New York. Upon information and belief, AIG's subsidiaries include, among others, (a) Lexington Insurance Company ("Lexington"), a Delaware corporation with its principal place of business in Massachusetts; (b) American Home Assurance Company ("American Home"), a New York corporation with its principal place of

business in New York; (c) National Union Fire Insurance Company of Pittsburgh, PA, ("National Union"), a Pennsylvania corporation with its principal place of business in New York; and (d) The Insurance Company of the State of Pennsylvania ("Pennsylvania"), a Pennsylvania corporation with its principal place of business in New York.

6.     Upon information and belief, the individuals who received settlement payments in the matters styled *Abernathy v. Monsanto Company*, CV-01-832, Circuit Court of Etowah County, Alabama (which is a consolidated action composed of matters styled *Abernathy v. Monsanto Company*, CV-96-269, *Abbott v. Monsanto Company*, CV-97-967, *Nelson v. Monsanto Company*, CV-99-502, *Long v. Monsanto Company*, CV-96-268, *Margie Suggs v. Monsanto Company*, CV-01-0874, Circuit Court of Calhoun County, Alabama), and *Brown v. Monsanto Company*, CIV 97-ETC-1618-E, (N.D. Ala.) ("*Abernathy* Plaintiffs") were and/or continue to be represented by several attorneys and law firms as detailed in §§ 7 through 17 below (collectively "*Abernathy* Counsel").

7.     Upon information and belief, Daniel R. Benson and James J. Stricker each represented and/or continues to represent the *Abernathy* Plaintiffs, and are partners at Kasowitz, Benson, Torres & Friedman, LLP, 1633 Broadway, New York, New York 10019.

8.    Upon information and belief, the law firm of Kasowitz, Benson, Torres & Friedman, LLP, represented and/or continues to represent the *Abernathy* Plaintiffs.  It is a domestic registered limited liability partnership registered in New York with its principal place of business at 1633 Broadway, New York, New York 10019.

9.    Upon information and belief, Donald W. Stewart, d/b/a as Donald W. Stewart, PC, represented and/or continues to represent the *Abernathy* Plaintiffs. Upon information and belief, Donald W. Stewart's principal place of business is at 1000 Quintard Avenue, Anniston, Alabama 36202.

10.    Upon information and belief, Don Barrett, represented and/or continues to represent some or all of the *Abernathy* Plaintiffs and is a partner at The Barrett Law Firm, 404 Court Square North, Lexington, Mississippi 39095.

11.    Upon information and belief, the Barrett Law Firm, PA, represented some or all of the *Abernathy* Plaintiffs.  The Barrett Law Firm is a professional association incorporated in Mississippi, with its principal place of business at 404 Court Square North, Lexington, Mississippi 39095.

12.    Upon information and belief, Charles E. Fell, Jr., and Charles L. Cunningham, Jr., each represented some or all of the *Abernathy* Plaintiffs and were partners at Cunningham & Fell, PLLC, 701 West Jefferson Street, Louisville,

Kentucky 40202.

13.    Upon information and belief, the law firm of Cunningham & Fell, PLLC, which is registered in Kentucky, with its principal place of business at 701 West Jefferson Street, Louisville, Kentucky 40202, represented some or all of the *Abernathy* Plaintiffs.

14.    Upon information and belief, Johnston Druhan, LLP is a limited liability partnership registered in Mobile County, Alabama with its principal place of business at 5 Dauphine Street, Suite 201, Mobile, Alabama 36602.  Johnston Druhan represented some or all of the *Abernathy* Plaintiffs.

15.    Upon information and belief, Greg Cusimano represented some or all of the *Abernathy* Plaintiffs.  Mr. Cusimano is a lawyer with Cusimano, Keener, Roberts & Raley, PC, at 153 South Ninth Street, Gadsden, Alabama 35901.

16.    Upon information and belief, Cusimano, Keener, Roberts & Raley, PC, represented some or all of the *Abernathy* Plaintiffs.  Cusimano, Keener, Roberts & Raley is a professional corporation incorporated in Etowah County, Alabama, with its principal place of business at 153 South Ninth Street, Gadsden, Alabama 35901.

17.    Upon information and belief, The Cody Law Firm, P.C., represented some or all of the *Abernathy* Plaintiffs.  The Cody Law Firm, PC, is a professional

corporation incorporated in Jefferson County, Alabama, with its principal place of

business at Lorna Oaks Professional Center, 3141 Lorna Road, Suite 202,

Birmingham, Alabama.

## JURISDICTION AND VENUE

18.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C.

§ 1345, 28 U.S.C. § 2201, and the MSP Statute, 42 U.S.C. § 1395y(b)(2).

19.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

## BACKGROUND

20.     This controversy arises from a $300 million settlement ("*Abernathy*

Settlement") by and among *Abernathy* Plaintiffs and defendants Monsanto,

Pharmacia, and Solutia in the *Abernathy* action.  Exh. 1.

21.     Upon information and belief, persons receiving payment under the

*Abernathy* Settlement include approximately 907 Medicare beneficiaries.

22.     Distribution of the settlement monies was contingent on certification

to the court that 97% of the *Abernathy* Plaintiffs had signed releases.  *Abernathy*

Counsel filed that certification with the court on December 2, 2003.  Exh. 2.

23.     Upon information and belief, the 907 Medicare beneficiaries sought

compensation for, *inter alia*, medical expenses in their underlying complaints and

released those claims in executed releases, as referenced in Exh. 2 hereto.

24.     Upon information and belief, the *Abernathy* Settlement mandated that the settlement fund established thereunder ("*Abernathy* Settlement Fund") be an interest-bearing account.  Exh. 1 at 8.

25.     Upon information and belief, prior to and/or at the time of the *Abernathy* Settlement, Solutia, a party to the *Abernathy* Settlement, maintained product liability insurance policies with Travelers, AIG, American Home, National Union, Pennsylvania, Lexington, and Travelers Indemnity.

26.     Upon information and belief, Travelers, AIG, American Home, National Union, Pennsylvania, Lexington, and Travelers Indemnity Company paid portions of the $300 million *Abernathy* Settlement.

27.     Monsanto, Solutia, and Pharmacia paid portions of the $300 million *Abernathy* Settlement.

28.     Solutia filed for Chapter 11 bankruptcy on December 17, 2003.  HHS filed a proof of claim to recover Medicare conditional payments paid on behalf of Medicare beneficiaries who received payments in the *Abernathy* Settlement. HHS's claim survived the bankruptcy and was not discharged.

29.     The *Abernathy* Settlement provided for the distribution of $171 million to the *Abernathy* Plaintiffs, with supplemental annual amounts of $1.5 million to be paid from 2004 through 2013 by Monsanto to *Abernathy* Counsel to

be allocated within their sole discretion, for the plaintiffs' benefit.

30.     The *Abernathy* Settlement provided payment to *Abernathy* Counsel of $129 million in attorney's fees and costs, including $1 million annually from 2004 through 2013.

**Medicare's Conditional Payments and Causes of Action**

31.     The United States, through CMS, as the administrator of the Medicare program, made conditional payments, on behalf of its Medicare beneficiaries, for illnesses and injuries released in the *Abernathy* Settlement.

32.     A series of statutes known collectively as the MSP Statute, 42 U.S.C. § 1395y(b)(2), requires available private insurance, including self insurance, to make the primary payment for services provided to Medicare beneficiaries, leaving Medicare to pay only secondary benefits.  The law provides, in pertinent part, that Medicare may not make payments with respect to any item or service for which payment has been made or can reasonably be expected to be made under a liability policy or plan.  42 U.S.C. § 1395y(b)(2)(A)(ii); 42 C.F.R. § 411.20(a)(ii).

33.     The MSP Statute authorizes the Medicare program to pay conditionally for a beneficiary's medical care in instances where payment under a liability insurance policy or plan does not transpire "promptly," as that term is defined in regulations.  42 U.S.C. § 1395y(b)(2)(B)(i); 42 C.F.R. §§ 411.21 and

411.52.  However, such payments are subject to reimbursement to the appropriate

Medicare Trust Fund once it is demonstrated that a primary plan has or had

responsibility to pay with respect to such items or services.  42 U.S.C.

§ 1395y(b)(2)(B)(ii); 42 C.F.R. § 411.24.  Responsibility for such payments may

be demonstrated by a judgment, a payment conditioned upon the beneficiary's

compromise, waiver, or release (irrespective of the existence of a determination or

admission of liability) or payment for items and services included in a claim

against a primary plan or the primary plan's insured.  42 U.S.C.

§ 1395y(b)(2)(B)(ii).  The United States may initiate recovery of Medicare

conditional payments when it learns that payment "has been or could be made"

under a liability insurance policy or plan.  42 C.F.R. § 411.24(b).

34.     The United States may bring an action to recover conditional

Medicare payments with respect to an item or service, against "any or all entities

that are or were required or responsible . . . to make payments with respect to the

same item or service (or any portion thereof) under a primary plan."  42 U.S.C.

§ 1395y(b)(2)(B)(iii).  The MSP Statute also confers upon the United States a right

of action against "any entity that has received payment  from a primary plan or

from the proceeds of a primary plan's payment to any entity. . . ."  *Id.*

35.     The MSP Statute defines the term "primary plan" to include a plan of

self-insurance, specifying that "[a]n entity that is engaged in a business, trade, or

profession shall be deemed to have a self-insured plan if it carries its own risk

(whether by a failure to obtain insurance, or otherwise), in whole or in part." 42

U.S.C. § 1395y(b)(2)(B)(ii); *see also* 42 C.F.R. § 411.50(b).  Applicable

regulations define the term "plan" to refer to any arrangement, oral or written, to

provide health benefits or assume legal liability for injury or illness.  42 C.F.R.

§ 411.21.  "Liability insurance" is "insurance (including a self-insured plan) that

provides for payment based upon legal liability for injury or illness or damage to

property," including product liability insurance.  42 C.F.R. § 411.50(b).  Under the

regulations, a "liability insurance payment" includes an out-of-pocket payment

(such as payment of a deductible under a liability insurance policy) by any

individual or entity that carries liability insurance or is covered by a self-insured

plan.  Id.

        36.     If a third-party payer learns that Medicare has paid for services for

which the third-party has made or should have made primary payment, it must

notify the United States.  42 C.F.R. § 411.25(a).  An entity that receives payment

under a primary plan (including a beneficiary, physician, supplier, or attorney)

must reimburse the United States within sixty (60) days after receiving conditional

Medicare payments made on a beneficiary's behalf.  42 C.F.R. § 411.24(h); *see*

*also* 42 U.S.C. § 1395y(b)(2)(B); 42 C.F.R. § 411.24(g) & (h).  If the United

States does not receive such reimbursement, the third-party payer is required to

reimburse the United States even if it has already paid a beneficiary or other party.

42 C.F.R. § 411.24(i)(1).  This same rule applies in instances where a third-party

payer makes its payment to an entity other than the United States when it knows or

should be aware that conditional Medicare payments have been made.  42 C.F.R.

§ 411.24(i)(2).

    37.    The United States may collect double damages from any entity

responsible to make payment under a primary plan which fails to provide for

primary payment or appropriate reimbursement of conditional Medicare payments.

42 U.S.C. §§ 1395y(b)(2)(B)(ii); 42 C.F.R. § 411.24(c)(2).

### Abernathy Counsel's Failure to Comply with the MSP Statute

    38.    Upon information and belief, *Abernathy* Counsel have received and

continue to receive payments from the *Abernathy* Settlement.  These payments

constitute payments under a primary plan that entitle the United States to recover

conditional Medicare payments on behalf of beneficiaries participating in the

*Abernathy* Settlement.

    39.    No later than the date that *Abernathy* Counsel caused payments to be

made to settling claimants, *Abernathy* Counsel knew or should have known that

one or more settlement claimants were Medicare-eligible individuals on whose

behalf the United States was entitled to recover to the extent of any conditional

Medicare payments made.

40.    *Abernathy* Counsel have made no payment to the United States on

behalf of any claimant who received or will receive settlement payments  and

whose medical care was paid for by the Medicare program.  Contrary to the MSP

Statute, the United States has yet to be reimbursed for Medicare conditional

payments made on behalf of these beneficiaries.

### Failure of Defendants Travelers, AIG, National Union, Lexington, American Home, Pennsylvania, and Travelers Indemnity to Comply with the MSP Statute

41.    Defendants Travelers, AIG, National Union, Lexington, American

Home, Pennsylvania, and Travelers Indemnity each were required to and did make

payments under a "primary plan," as that term is defined in the MSP Statute and

regulations.  Upon information and belief, defendant Solutia purchased various

product liability insurance policies from Travelers, AIG, National Union,

Lexington, American Home, Pennsylvania, and Travelers Indemnity to mitigate

the financial risks arising from claims of injury or illness relating to Solutia's

operations, including manufacturing PCBs, that were the subject of the claims for

which Medicare beneficiaries received compensation in the *Abernathy* Settlement.

42.    The terms of the *Abernathy* Settlement rendered these defendants required or responsible to pay under a primary plan, and those payments into the *Abernathy* Settlement Fund constituted payments under a "primary plan" that entitled the United States to reimbursement for Medicare conditional payments made on behalf of Medicare beneficiaries participating in the *Abernathy* Settlement.

43.    Upon information and belief, Defendants Travelers, AIG, National Union, Lexington, American Home, Pennsylvania, and Travelers Indemnity did not ascertain whether any settling plaintiffs were Medicare beneficiaries prior to making, or causing to be made, payment of those settlement amounts.  Defendants Travelers, AIG, National Union, Lexington, American Home, Pennsylvania, and Travelers Indemnity also did not identify any amount(s) owed the United States as reimbursement for Medicare conditional payments made on behalf of Medicare beneficiaries prior to their payments to the *Abernathy* Settlement Fund.

44.    At the time they paid into the *Abernathy* Settlement Fund, Travelers, AIG, National Union, Lexington, American Home, Pennsylvania, and Travelers Indemnity knew or should have known that one or more *Abernathy* Plaintiffs were Medicare beneficiaries on whose behalf the United States was entitled to recover to the extent of any Medicare conditional payments made.

45.     Defendants Travelers, AIG, National Union, Lexington, American Home, Pennsylvania, and Travelers Indemnity have made no payment to the United States on behalf of any Medicare beneficiaries who received (or will receive) payments pursuant to the terms of the *Abernathy* Settlement.  Contrary to the MSP Statute, Travelers, AIG, National Union, Lexington, American Home, Pennsylvania, and Travelers Indemnity have yet to reimburse the United States for its Medicare conditional payments made on behalf of Medicare beneficiaries.

## Corporate Defendants Monsanto's, Solutia's, and Pharmacia's Failure to Comply with the MSP Statute

46.     Upon information and belief, Defendants Monsanto, Solutia, and Pharmacia were required to and did make payments under a "primary plan," as that term is defined in the MSP Statute and regulations.

47.     The terms of the *Abernathy* Settlement rendered these defendants required or responsible to pay under a primary plan, and Monsanto's, Solutia's, and Pharmacia's payments into the settlement funds constitute payments under a primary plan that entitle the United States to reimbursement for Medicare conditional payments made on behalf of Medicare beneficiaries participating in the *Abernathy* Settlement.

48.     Additionally, or in the alternative, upon information and belief,

Defendants Monsanto, Solutia, and Pharmacia received some or all of their payments to the *Abernathy* Settlement from third-party payers, *i.e.*, insurers or other primary plans.  To the extent that any or all of these Defendants received payment from a third party prior to depositing those monies into the *Abernathy* Settlement Fund, Defendants Monsanto, Solutia, and Pharmacia are entities that received payment under a primary plan from whom the United States may recover reimbursement for Medicare conditional payments.

49.     Upon information and belief, Defendants Monsanto, Solutia, and Pharmacia did not ascertain whether any *Abernathy* Plaintiffs were Medicare beneficiaries prior to making, or causing to be made, payment of those settlement amounts.  Upon information and belief, Defendants Monsanto, Solutia, and Pharmacia also failed to identify any amount(s) owed the United States as reimbursement for Medicare conditional payments made on behalf of Medicare beneficiaries prior to their payments to the *Abernathy* Settlement Fund.

50.     At the time they paid into the *Abernathy* Settlement Fund, Monsanto, Solutia, and Pharmacia knew or should have known that one or more settling plaintiffs were Medicare beneficiaries on whose behalf the United States was entitled to recover to the extent of any Medicare conditional payments made.

51.     Defendants Monsanto, Solutia, and Pharmacia have made no payment

-16-

to the United States on behalf of any Medicare beneficiaries who received (or will receive) payments pursuant to the terms of the *Abernathy* Settlement.  Contrary to the MSP Statute, the United States has yet to be reimbursed for Medicare conditional payments made on behalf of its Medicare beneficiaries.

## Count I (Against Monsanto, Solutia, and Pharmacia as Primary Payers)

52.    The United States repeats and incorporates the allegations in paragraphs 1 through 51, above.

53.    Defendants Monsanto, Solutia, and Pharmacia are required to reimburse the United States for conditional Medicare payments made on behalf of settlement claimants for medical items and services related to the *Abernathy* Settlement.

54.    The United States claims reimbursement from these Defendants as third-party payers liable under the MSP Statute, and demands payment of its outstanding conditional Medicare payments, plus interest.

## Count II (Double Damages Against Monsanto, Solutia, and Pharmacia as Primary Plans)

55.    The United States repeats and incorporates the allegations in paragraphs 1 through 51, above.

56.    Defendants Monsanto, Solutia, and Pharmacia are required to

reimburse the United States for conditional Medicare payments made on behalf of settlement claimants for medical items and services related to the *Abernathy* Settlement.

57.     The United States claims reimbursement from these Defendants as primary plans liable under the MSP Statute, and demands payment of double the amount of its outstanding conditional Medicare payments, plus interest, because it has been necessary to initiate this suit.  42 U.S.C. § 1395y(b)(2)(b), 42 C.F.R. § 411.24(c)(2).

### Count III (Against Travelers, AIG, National Union, Lexington, American Home, Pennsylvania, and Travelers Indemnity As Primary Plans)

58.     The United States repeats and incorporates the allegations in paragraphs 1 through 51, above.

59.     Defendants Travelers, AIG, National Union, Lexington, American Home, Pennsylvania, and Travelers Indemnity are required to reimburse the United States for conditional Medicare payments made on behalf of settlement claimants for medical items and services related to the *Abernathy* Settlement.

60.     The United States claims reimbursement from these Defendants as a third-party payers liable under the MSP Statute, and demands payment of the amount of its outstanding conditional Medicare payments, plus interest.

-18-

## Count IV (Double Damages Against Travelers, AIG, National Union, Lexington, American Home, Pennsylvania, and Travelers Indemnity as Primary Plans)

61.    The United States repeats and incorporates the allegations in paragraphs 1 through 51, above.

62.    Defendants Travelers, AIG, National Union, Lexington, American Home, Pennsylvania, and Travelers Indemnity are required to reimburse the United States for conditional Medicare payments made on behalf of settlement claimants for medical items and services related to the *Abernathy* Settlement.

63.    The United States claims reimbursement from these Defendants as primary plans liable under the MSP Statute, and demands payment of double the amount of its outstanding conditional Medicare payments, plus interest, because it has been necessary to initiate this suit.  42 U.S.C. § 1395y(b)(3), 42 C.F.R. § 411.24(c)(2).

## Count V (Against Abernathy Counsel, Monsanto, and Pharmacia, as Entities That Received Payment)

64.    The United States repeats and incorporates the allegations in paragraphs 1 through 51, above.

65.    Defendants Monsanto, Pharmacia, and *Abernathy* Counsel are entities or persons that have received payment under a primary plan for purposes of the

MSP Statute, and are required to reimburse the United States for outstanding conditional Medicare payments (plus interest) to the extent of any such payments received.

## Count VI (Declaratory Relief)

The United States repeats and incorporates the allegations in paragraphs 1 through 51, above.

66.     Pursuant to 28 U.S.C. § 2201, and Fed. R. Civ. P. 57, the United States is entitled to a Declaration as follows:

a.     that, to the extent the United States has not previously been reimbursed, Monsanto, Pharmacia, Travelers, AIG, National Union, Lexington, American Home, Pennsylvania, Travelers Indemnity, and *Abernathy* Counsel are legally obligated to reimburse the United States for past Medicare payments made on behalf of *Abernathy* Settlement claimants in accord with the terms of the MSP Statute;

b.     that the Defendants must give CMS notice of all future payments to Medicare beneficiaries pursuant to 42 C.F.R. § 411.25; and

c.     that all Defendants must ensure before any future settlement payment is made to any claimant that appropriate payment is made to the United States.

## Prayer For Relief

The United States respectfully demands (i) payment of damages by the

Defendants as specified herein, together with interest; (ii) declaratory relief against

all Defendants as specified herein;  and (iii) any other relief this Court deems just

and proper.

Dated: May 26, 2010                    TONY WEST
                                       Assistant Attorney General

                                       JOYCE WHITE VANCE
                                       United States Attorney

                                       RICHARD E. O'NEAL
                                       Assistant United States Attorney

                                         /s Cathy J. Burdette
                                       J. CHRISTOPHER KOHN
                                       (D.C. Bar No. 212357)
                                       RUTH A. HARVEY
                                       (D.C. Bar No. 409138)
                                       CATHY J. BURDETTE
                                       (D.C. Bar No. 386790)
                                       J. TAYLOR MCCONKIE
                                       (Colorado Bar No. 34360)
                                       United States Department of Justice
                                       Civil Division
                                       Commercial Litigation Branch
                                       P.O. Box 875
                                       Ben Franklin Station
                                       Washington, D.C.  20044
                                       Telephone:  (202) 616-2316
                                       Facsimile:   (202) 514-9163