IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ] |
| Plaintiff, | ] |
| v. | ] CV-09-BE-2423-E |
| JAMES J. STRICKER, et al., | ] |
| Defendants. | ] |

## MEMORANDUM OPINION & ORDER

This matter comes before the court on Plaintiff "United States' Motion to Reconsider the Court's Order Granting Certain Defendants' Motions to Dismiss and Denying Plaintiffs' Motion for Summary Judgment and Accompanying Memorandum Opinion Granting Certain Defendants' Motions to Dismiss [Corrected]*" (doc. 114). The court previously denied the motion as to the first three of the issues raised, granted reconsideration on the fourth issue, and reserved ruling on the fifth issue. (*See* Doc. 117). The court received briefs and heard arguments on these two issues: (1) whether the court's order dismissing Count VI was clearly erroneous under the Government's theory of continuing accrual; and (2) whether the court should reconsider its decision granting the motions to dismiss in light of the Government's tolling argument. For the reasons stated below, the court **DENIES** the motion to reconsider in its entirety.

The factual background of this case and the Government's allegations are contained in the court's Memorandum Opinion of September 30, 2010 (doc. 109) and will not be reiterated here. A brief statement as to the procedural history, however, is needed to set the context for this opinion.

1

The Government filed this suit on December 1, 2009, seeking to recoup Medicare payments made to plaintiffs in the *Abernathy* litigation. Various defendants[1] in this case filed motions to dismiss raising numerous challenges to the complaint. A common issue—and the only one addressed by the court in its September 2010 opinion—challenged the timeliness of the complaint. The court found that the applicable statutes of limitations barred the Government's complaint and granted the motions to dismiss on that basis. (*See* Mem. Op., Doc. 109).

*Standard for Reconsideration*

Reconsideration is an *extraordinary* remedy that should be employed sparingly in the interests of finality and conservation of scarce judicial resources. *Reuter v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 440 F. Supp. 2d 1256, 1267 (N.D. Ala. 2006). Motions for reconsideration should not be a "'knee-jerk reaction to an adverse ruling.'" *Id.* at 1268 (quoting *Summit Med. Ctr. of Ala., Inc. v. Riley,* 284 F. Supp. 2d 1350, 1355 (M.D. Ala. 2003)). Neither should they be "a platform to relitigate arguments previously considered and rejected." *Reuter*, 440 F. Supp. 2d at 1268 n.9. Rather, courts have recognized only three grounds justifying reconsideration of an order: (1) an intervening change in controlling law, (2) the availability of substantial new evidence, and (3) the need to correct a clear error that would work a manifest injustice. *See, e.g., White v. Murtha,* 377 F.2d 428, 432 (5th Cir. 1967) (motions to reconsider unavailable "unless the evidence on a subsequent trial was substantially different, controlling authority has since made a contrary decision of the law applicable to such issues, or the decision

---

[1] The court identified two distinct categories of defendants in its previous Memorandum Opinion (doc. 109): (1) the attorneys who were involved in some capacity as representing the *Abernathy* plaintiffs (the "Attorney Defendants"); and (2) the chemical companies sued in *Abernathy* as the alleged tortfeasor defendants, including their liability insurance carriers (and their subsidiaries) who are joined as Defendants in this case (the "Corporate Defendants," or sometimes "tortfeasor defendants").

was clearly erroneous and would work a manifest injustice");[2] *Alabama v. Ctrs. for Medicare & Medicaid Servs.*, 2010 WL 2271460 (M.D. Ala. June 2010); *Summit Med. Ctr. Of Ala., Inc. v. Riley,* 284 F. Supp. 2d 1350, 1355 (M.D. Ala. 2003); 18B Charles Alan Wright et al., Federal Practice and Procedure § 4478 (2d ed. 2002) ("Both parts of the formula are likely to be required, demanding both a showing of clear error and a finding that failure to correct the error would cause manifest injustice."); *see also Arizona v. California,* 460 U.S. 605, 618 n. 8 (1983) ("[I]t is not improper for a court to depart from a prior holding if convinced that it is clearly erroneous and would work a manifest injustice." (citation omitted)).

Moreover, the decision to alter or amend a judgment is committed to the *sound discretion* of the district judge. *Am. Home Assur. Co. v. Glenn Estess & Assoc.*, 763 F.2d 1237, 1238-39 (11th Cir. 1985) (citing *Futures Trading Comm'n v. Am. Commodities Grp.*, 753 F.2d 862, 866 (11th Cir. 1984); *see also* Fed. R. Civ. P. 54(b) ("[A]ny order . . . that adjudicates fewer than all the claims . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."). Motions to reconsider "must demonstrate why the court should reconsider its prior decision and 'set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'" *Fidelity & Deposit of Maryland v. Am. Consertech, Inc.*, 2008 WL 4080270, at *1 (S.D. Ala. Aug. 28, 2008) (quoting *Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294 (M.D. Fla. 1993)).

*Issues Raised By the Government*

(1)    Theory of Continuing Accrual

---

[2] In *Bonner v. City of Prichard, Ala.,* 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

In its motion to reconsider, the Government argues that the court erred in granting the motions to dismiss because it "pled a claim with respect to the annual $2.5 million payments against all defendants." (*See* Doc. 114 at 22-26). Any such claim to the future annual payments, however, must rest in a theory of continuing accrual to survive the statute of limitations bar raised by all Defendants. The court expressly declined to consider such a theory in its previous opinion, stating:

> The court briefly notes that at the close of the hearing on the motions to dismiss, the Government raised *for the first time* a theory of continuing accrual, vaguely proposing that a new MSPA cause of action accrues every year when the Corporate Defendants make additional payments to the Attorney Defendants. Because this theory was *admittedly not raised in any briefs* before the court and not pled in the Amended Complaint, it is not properly before the court and the court does not reach this issue.

(*See* Doc. 22 n. 15) (emphasis added).

The Government urges that the court "was mistaken" in stating that it inadequately raised a theory of continuing accrual because it did plead such a theory in its Amended Complaint. (Doc. 114 at 22). The Government pointed to various paragraphs of the Amended Complaint that referenced continued receipt of payments flowing from the *Abernathy* Settlement.[3] (*Id.* at 23). Also, it noted that Count VI of the First Amended Complaint asked for declaratory relief concerning the Government's rights with respect to the annual $2.5 million payments from 2004 through 2014 required by the *Abernathy* Settlement Agreement.

---

[3] As explained in detail in its previous Opinion, the *Abernathy* Settlement Agreement provided for a $300 million settlement corpus that was to be distributed in installments painstakingly apportioned by the terms of the Agreement. Notably, the bulk of the corpus—$275 million—was paid into the court registry by mid-September 2003, within one week of executing the Agreement. (*See* Doc. 109 at 3). The Agreement provided for the remainder of the settlement funds to paid in annual $2.5 million installments from 2004 through 2013. (*Id.*).

Though this late-raised continuing accrual theory should have been raised and argued in Plaintiff's brief responding to the multiple motions to dismiss filed by Defendants, the court allowed briefing in reconsideration of this issue in an abundance of caution to avoid any ***possible*** clear error.  Specifically, the court allowed the Defendants an opportunity to respond as to whether the allegations pled in Plaintiff's First Amended Complaint sufficiently state a claim for a theory of continuing accrual based on the annual payments; and if so, whether the court committed *clear error* in dismissing Count VI of Plaintiff's First Amended Complaint.

As a practical matter, the court again stresses that the Government has likely abandoned its continuing accrual argument by failing to raise it or otherwise develop such an argument in its briefing in response to the motions to dismiss, notwithstanding the contents of its complaint. Courts in the Eleventh Circuit have held that the failure of a party to raise an issue or argument in response to a pending motion can constitute an abandonment of the claims at issue in that motion.  *See Coal. for the Abolition of Marijuana Prohibition v. City of Atlanta*, 219 F.3d 1301, 1326 (11th Cir. 2000) (finding that a party's failure to brief and argue an issue before the district court is grounds for declaring it abandoned); *Access Now, Inc. v. S.W. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004) ("[A] legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed.").

When faced with multiple motions to dismiss all raising statute of limitations as defense, the appropriate time for the Government to inform the court of *any* of its theories as to why its claims should not be barred was in its responsive briefing.  The court is not clairvoyant; it can only be expected to rule on arguments actually articulated to it at the time of submission of the briefs on a motion.  Here, the Government did not even partially articulate in its briefing the

continuing accrual argument it attempts to raise, yet accuses the court of error in failing to consider it earlier. Such logic traps the court in a catch-22.

As has been its practice in this case, however, the court seeks to afford every available benefit of the doubt to the Government and thus considered the merits of the Government's continuing accrual argument based on the allegations in its complaint, notwithstanding the likelihood of abandonment. Even entertaining the merits, the court finds the theory lacking in law and logic. In light of the high standard that reconsideration is an extraordinary remedy designed to correct only *clear* error, the court cannot say, upon thorough and careful review, that it "clearly erred." The court has carefully scrutinized again the First Amended Complaint, the multiple motions to dismiss, the Government's omnibus response (doc. 55), the MSPA statute, all relevant case law, and also the case law cited by the Government that the court finds *not* relevant to the claims at issue here. After much consideration, the court finds the Government's arguments unpersuasive.

As stated at the hearing on the motion to reconsider, the court believes that the Government could have sued the Defendants to this action in October 2003, if not earlier, seeking total reimbursement for everything that was to be paid pursuant to the *Abernathy* Settlement Agreement, including the continuing payments. (*See* TR, Doc. 149 at 93). The Government wishes instead to measure accrual on an ongoing basis and claim a new right of action each time a payment is made pursuant to the September 9, 2003 Settlement Agreement. On this the court and the Government must agree to disagree.

The Government claims that "[u]ntil an annual primary payment is made and a Medicare beneficiary receives payment for items or services already paid for by Medicare, there is no

6

overpayment, and Medicare has no MSP claim." (doc. 114 at 26).  This articulation, however, flies in the face of the MSP statute.  The regulations implementing the MSPA define the Government's right to *initiate* recovery as beginning "as soon as it learns that payment has been made *or could be made* under workers' compensation, any liability or no-fault insurance, or an employer group health plan." 42 C.F.R. § 411.24(b) (emphasis added).

In addition and most importantly, the dearth of relevant case law supporting the Government's accrual argument proves fatal to its motion to reconsider.  The Government's continuing accrual theory, while intriguing, is not supported by *any* case law from the Supreme Court, Eleventh Circuit, or even any other circuit court of appeal or district court.  In fact, in its motion to reconsider on this issue, the Government cites not even one case to support its continuing accrual argument, devoting only two paragraphs to its baseless argument that each annual settlement payment triggers a new cause of action under the MSP statute.  (*See* Doc. 114 at 26).  Therefore, the court cannot conclude that it committed "clear error" when *no* authority or precedent exists to instruct otherwise.

The court stands by its earlier ruling because even if the Government adequately pled enough facts to support a continuing accrual theory—which the court doubts—the theory was not developed in its brief and, more importantly, no case law supports such a theory.

(2)     Tolling

The Government also argues that the court "erred in suggesting that the United States bore the burden of pleading elements of tolling under 28 U.S.C. § 2416(c)," citing page 23 of the Memorandum Opinion. (Doc. 114 at 27).  The Government further asserts that it had been "unable to address this issue in its prior briefs because it was raised for the first time by the

7

Insurer Defendants' [sic] in their Reply Brief." (*Id.* n.12). The court finds that the Government is wrong on both points.

First, the Government *did*, in fact, raise tolling under § 2416(c) in its Omnibus Response. (*See* Doc. 55 at 33-35). The court specifically addressed the Government's invocation of tolling in its Memorandum Opinion. (*See* Doc. 109 at 22). Though it raised the federal tolling statute in passing, the Government failed to develop that argument or present any persuasive reasons as to why it should apply in this case. Its contention that it was somehow prevented from addressing this issue in prior briefs is blatantly disingenuous.

Second, whether the court improvidently suggested that the Government bore the burden of pleading elements of tolling has no bearing on the basic axiom that when faced with multiple motions to dismiss on statute of limitations grounds, it is incumbent upon the Government to at least present the necessary facts *in argument* to persuade the court to apply tolling. *See Prather v. Neva Paperbacks, Inc.*, 446 F.2d 338, 340 (5th Cir. 1971) ("Under general equitable doctrines, once a defendant has shown that a claim is time barred by the applicable statute of limitations, it is incumbent upon the plaintiff, if he is to avoid the bar, to come forward and demonstrate that for some equitable reason the statute should be tolled in his case."). Thus, even if the Government has no burden to plead tolling, it still has a duty to argue it.

Notably, the tolling statute the Government apparently sought to invoke holds that the statute of limitations period stopped during periods when "facts material to the right of action are not known and *reasonably could not be known* by an official of the United States charged with the responsibility to act in the circumstances." 28 U.S.C. § 2146(c) (emphasis added). The Government's complaint makes clear that its cause of action stems from the *Abernathy*

Settlement Agreement.  Yet the Government has never once asserted—in its initial complaint, in its proposed amended complaint, in its briefing, or in its arguments before the court—that a CMS official charged with responsibility to act did not or reasonably could not have known about the MSPA implications of the widely publicized *Abernathy* Settlement Agreement.  As such, the Government simply has not made its case for tolling to apply.

Moreover, the lack of controlling contrary case law again proves fatal to the Government's motion to reconsider this issue.  The Government cites to no relevant binding precedent that demonstrates "clear error" in the court's tolling analysis and application.  The court thus declines to revisit the issue of tolling.

In sum, the court recognizes that Congress has given CMS the right to recover medicare payments from settlements of litigation.  However, waiting more than *six years* to file claims for reimbursement from settlement funds presents an inordinate burden on the parties to that settlement.  The Government has presented no supported legal argument in its several briefs to support any of its theories under which its filing of this Complaint in December 2009 was timely as to the corpus of the settlement funds, established in September 2003.  As to its motion to reconsider, the Government has not met its extraordinarily high burden of demonstrating that the court committed "clear error" in its previous ruling.  Therefore, the court declines to alter its earlier Memorandum Opinion (doc. 109) and affirms that Opinion in its entirety.

DONE and ORDERED this 12th day of August, 2011.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE