IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ] | |
| Plaintiff, | ] | |
|  | ] | |
| v. | ] | CV 09-BE-2423-E |
|  | ] | |
| **JAMES J. STRICKER; et al,** | ] | |
| Defendants. | ] | |

## MEMORANDUM OPINION

This matter is before the court on the "Johnston Druhan, LLP's Motion to Dismiss" filed on October 22, 2010. (Doc. 111). The parties fully briefed this motion. For the reasons set forth below, the court finds that the Motion to Dismiss is due to be GRANTED.

The factual history and background of this case have previously been set out in the court's Memorandum Opinion of September 30, 2010 (doc. 109) and will not be re-stated here. A brief statement as to the procedural history, however, is needed to set the context for this opinion.

**I.    PROCEDURAL HISTORY**

In its Motion to Dismiss, Johnston Druhan adopted in full the previous briefing and arguments of other Attorney Defendants who filed Motions to Dismiss attacking the timeliness of Plaintiff's claims. (*See* Doc. 41). The court's September 30, 2010 Memorandum Opinion (doc. 109) and Order (doc. 110) granted those motions to dismiss based on the court's finding that the relevant statute of limitations had expired. Johnston Druhan argues that the reasoning of the court's earlier decision applies equally to Johnston Druhan because it is identically situated to the other Attorney Defendants. (*See* Doc. 111 at 4).

**II.     MOTION TO DISMISS**

When a defendant files a motion to dismiss for failure to state claim *after* filing its answer, the court can exercise its discretion and treat it as motion for judgment on the pleadings. *See Filo America, Inc. v. Olhoss Trading Co.*, 321 F. Supp. 2d 1266 (M.D. Ala. 2004). Judgment on the pleadings is appropriate when "no issues of material fact exist, and the movant is entitled to judgment as a matter of law." *Ortega v. Christian,* 85 F.3d 1521, 1524 (11th Cir. 1996) (citing Fed. R. Civ. P. 12(c)). The court elects to exercise its discretion to treat the Defendant's motion to dismiss as a motion for judgment on the pleadings.

Like the other Defendants in this case, Johnston Druhan seeks to attack the timeliness of Plaintiff's Complaint. Specifically, it asserted the statute of limitations defense and failure to state a claim in its Answer. (Doc. 33 at 10). The court finds no reason to treat this Defendant differently from any of the other Defendants to this action. Notably, the Plaintiff does not distinguish the Johnston Druhan law firm from any of the other attorney defendants in the First Amended Complaint when making allegations to support its MSPA claims. As such, the court's accrual analysis on the statute of limitations issue does not differ for this Defendant.

The court's reasoning in its September 30, 2010 Memorandum Opinion (doc. 109), which the court affirmed in its Memorandum Opinion & Order denying the Government's motion to reconsider (doc. 150), applies with equal force to Johnston Druhan, and the court so adopts its previous reasoning and holdings here. Based on its previous holding, the statute of limitations bars the Government's MSPA claims against this Defendant, entitling it to judgment as a matter of law for failure to state a claim. *See Quiller v. Barclays American/Credit, Inc.*, 727 F.2d 1067, 1069 (11th Cir. 1984) (recognizing statute of limitations defense as failure to state a claim); *Mann v. Adams*

*Realty Co.*, 556 F.2d 293 (5th Cir. 1977) (same).

Therefore, the court will GRANT the Defendant Johnston Druhan's motion to dismiss the claims against it by separate order.

DONE and ORDERED this 12th day of August, 2011.

                                                        _____
                                                           KARON OWEN BOWDRE
                                                   UNITED STATES DISTRICT JUDGE