IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA,**<br>    Plaintiff, | ]<br>]<br>] |  |
| v. | ] | CV 09-BE-2423-E |
| **JAMES J. STRICKER; et al,**<br>    Defendants. | ]<br>]<br>] |  |

**MEMORANDUM OPINION**

This matter is before the court on the "Motion to Dismiss and Alternative Motion for Summary Judgment" filed on November 1, 2010 by Defendants Greg Cusimano and Cusimano, Keener, Roberts & Raley, P.C. (doc. 115). The parties fully briefed this motion. In addition, the United States filed a motion to deny Cusimano's alternative summary judgment motion pursuant to Rule 56(f). (Doc. 124). The Government argues that the Cusimano Defendants' summary judgment motion is premature as no discovery has transpired in this case and, therefore, under the United States "cannot present facts essential to justifying its opposition," Fed. R. Civ. P. 56(f), to Defendants' "Statement of Undisputed Facts." The court has considered all motions, exhibits, and applicable law. The court agrees with the Government that the alternative summary judgment motion is due to be DENIED as premature; thus, the court will GRANT the Plaintiff's motion. However, for the reasons set forth below, the court finds that the Defendant's Motion to Dismiss is due to be GRANTED.

The factual history and background of this case have previously been set out in the court's Memorandum Opinion of September 30, 2010 (doc. 109) and will not be re-stated here. A brief statement as to the procedural history, however, is needed to set the context for this opinion.

1

**I.       PROCEDURAL HISTORY**

In their Motion to Dismiss, the Cusimano Defendants adopted in full the previous briefing and arguments of the other Defendants who submitted Motions to Dismiss attacking the timeliness of Plaintiff's claims. (*See* Docs. 41, 42, 47, 57, and 111). They also adopted the reasoning of the court's September 30, 2010 Memorandum Opinion and Order, which granted those motions to dismiss based on the court's finding that the relevant statute of limitations had expired on all Plaintiff's claims. (*See* Docs. 109 and 110).

**II.      MOTION TO DISMISS**

When a defendant files a motion to dismiss for failure to state claim *after* filing its answer, the court can exercise its discretion and treat it as motion for judgment on the pleadings. *See Filo America, Inc. v. Olhoss Trading Co.*, 321 F. Supp. 2d 1266 (M.D. Ala. 2004). Judgment on the pleadings is appropriate when "no issues of material fact exist, and the movant is entitled to judgment as a matter of law." *Ortega v. Christian,* 85 F.3d 1521, 1524 (11th Cir. 1996) (citing Fed. R. Civ. P. 12(c)). The court elects to exercise its discretion to treat the Defendant's motion to dismiss as a motion for judgment on the pleadings.

Like the other Defendants in this case, the Cusimano Defendants attack the timeliness of Plaintiff's Complaint. Specifically, they designated the statute of limitations defense as "SPECIAL DEFENSE E" to their Answer. (Doc. 20). The court finds no reason to treat these Defendants differently from any of the other Defendants to this action. Notably, the Plaintiff does not distinguish the Cusimano Defendants from any of the other attorney defendants in the First Amended Complaint when making allegations to support its MSPA claims. As such, the court's accrual analysis on the statute of limitations issue does not differ for these Defendants.

The court's reasoning in its September 30, 2010 Memorandum Opinion (doc. 109), which the court affirmed in its Memorandum Opinion & Order denying the Government's motion to reconsider (doc. 150), applies with equal force to the Cusimano Defendants, and the court so adopts its previous reasoning and holdings here. Based on its previous holding, the statute of limitations bars the Government's MSPA claims against these Defendants, entitling them to judgment as a matter of law for failure to state a claim. *See Quiller v. Barclays American/Credit, Inc.*, 727 F.2d 1067, 1069 (11th Cir. 1984) (recognizing statute of limitations defense as failure to state a claim); *Mann v. Adams Realty Co.*, 556 F.2d 293 (5th Cir. 1977) (same).

Therefore, the court will GRANT the Cusimano Defendants' motion to dismiss the claims against them by separate order.

DONE and ORDERED this 12th day of August, 2011.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE