**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ] | |
| Plaintiff, ] | |
| ] | |
| v. ] | CV 09-BE-2423-E |
| ] | |
| **JAMES J. STRICKER; et al,** ] | |
| Defendants. ] | |

## ORDER

The court has now resolved all motions to dismiss filed by all defendants; denied the Government's motion to reconsider; and entered a final order dismissing all Plaintiff's claims against all Defendants with prejudice. Therefore, the court turns the remaining matters pending before it, which include certain third-party claims and one pending motion for the release of interpled funds. The court addresses each in turn.

(1) Third-Party Claims

As the court has dismissed all Plaintiffs' MSPA claims on statute of limitations grounds, the only remaining claims before the court are those raised by Defendants/Plaintiffs-in-Interpleader. On August 24, 2010, Defendants/Plaintiffs-in-Interpleader Solutia Inc., Monsanto Company, and Pharmacia Corporation filed a "Counterclaim, Cross-Claim and Third Party Complaint in Interpleader." (Doc. 100). In turn, the United States filed a motion to dismiss the Counterclaim for lack of jurisdiction, also asserting sovereign immunity. (Doc. 106). The court entered an order suspending responses to both these filings pending resolution of the various motions to dismiss based on statute of limitations. (*See* Sept. 14, 2010 docket entry). The court stated: "[i]f necessary, an

1

order setting deadlines for responses will be entered after the court's forthcoming order and memorandum opinion on the pending motions to dismiss and upon written notification from Defendants/Counterclaim Plaintiffs as to whether they intend to pursue their Counterclaim."

Having now dismissed the Plaintiff's Complaint, the court **ORDERS** that the Defendants/Plaintiffs-in-Interpleader show cause, in writing, on or before **Friday, August 26, 2011** why their counterclaim, cross-claim, and third party complaint should not be dismissed as moot and why the interpled funds should not be released to them for payment pursuant to the *Abernathy* settlement agreement.

(2) Pending Motion

On December 16, 2010, two of the Attorney Defendants, Daniel R. Benson and Donald W. Stewart, filed a "Motion for the Release of Legal Fees From the Monies Interpleaded by Solutia, Monsanto, and Pharmacia." (Doc. 143). Benson and Stewart sought $1 million of the $2.5 million that has been interpled with the court, arguing that the amount requested represents legal fees incurred in obtaining the *Abernathy* settlement and thus qualifies as "procurement costs" exempt from MSPA coverage. The Government objected, and the parties fully briefed this motion.

These Defendants are also **ORDERED** to show cause, in writing on or before **Friday, August 26, 2011**, why their motion should not be denied as moot.

The court notes that upon representation from the parties to which this Order is directed that they no longer intend to pursue their pending counterclaims and motion, the court will close the case and order the return of the settlement monies deposited in the registry of the court.

DONE and ORDERED this 12th day of August, 2011.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE